Sewall, J.,
delivered the opinion of the Court.
The defendant pleads, in abatement of the writ of review, that the judgment recovered in the Common Pleas, upon his demurrer there to the original writ and declaration, was entered for the plaintiff, and, by the consent of the defendant, the plaintiff had in that judgment the benefit of a verdict.
The agreement is of record, and is a part of the proceedings set forth in the writ of review ; and without a plea the defendant would be entitled to this exception to the writ, in any stage of the proceedings on the review. And in all cases, where the plaintiff in review is not entitled to the privilege granted by the statute, it is the duty of the Court to abate the writ ex officio, on the discovery of the defect; for a judgment on a writ of review, not permitted by the statute, would be erroneous, and liable to be reversed upon a writ of error. A writ of review, although of right, as it is in the special cases designated by the statute, is in the nature of a judicial writ; and when sued in the name of a party not entitled to it, if it is not void, it is voidable, and may be quashed on motion, as well as abated by plea. (1) I mention this, because a motion, as it may *226 be satisfactorily determined the first term, would be oftentimes productive of less delay and expense than a'plea and demurrer, which must necessarily remain until the law term.
* We have examined the agreement relied on as con elusive against this writ of review. In the first place, it is not an agreement by the plaintiff, but one which he has accepted, when proffered on the part of the defendant; and the consideration for it is a permission of delay, and in latitude of pleading, accorded to him by the plaintiff. Under these circumstances, the words of the agreement are not to operate as an estoppel to him, or as depriving him of any privilege, unless this should be found to be their necessary and unavoidable construction and effect.
This, however, is certainly not the case ; and what the defendant contends for is not even the most obvious construction. The pur- . pose of the demurrer was an appeal from the Common Pleas to this Court; and the effect of the reservation, independently of the agreement by the defendant, would have been to place the action by the appeal on the same footing in the Supreme Court as if it had been originally commenced there. The appeal avoids the judgment, and the reservation of waiver avoids the pleadings, at the election of the defendant, when he enters the action appealed. The consequence is, that one verdict in the Supreme Court is not final to either party, but leaves the action open to a review, if the defendant waives the demurrer and pleads to issue ; and if he does not, then an inquiry of damages, necessary to ascertain the quantum of damages recoverable on the demurrer, would be conclusive on both parties; that is, the action would not be open to a review of right. The defendant therefore proposes to the plaintiff, if he accedes to the reservation in the defendant’s plea, that the review shall not be open on his part. This is the effect, and, as I conceive, the whole effect, of an agreement that the plaintiff shall have the benefit of a verdict. It is a direct allusion and reference to the statute of reviews, [1786, c. 66,] the particular provision of it which entitles either party to a review, so long as there has been only one verdict against him, — one verdict of which he may think he has cause to complain.
Now, a restraint, proposed and accepted as a benefit [ * 221 ] * to the plaintiff, must be, not a privation of his right of review, but a concession of the defendant’s. It is equivalent to a stipulation of frequent use in other counties, but more cautiously expressed in these words; the party making it, plaintiff or defendant, agrees that one trial shall be final on his part.
The defendant might have concluded the plaintiff from his right of review, by not waiving his demurrer, and having the cause finally determined upon an inquiry of damages, if the declaration *227 was sufficient. But the pleadings in the Common Pleas having been withdrawn, and issues to the country joined upon the appeal, there has been, in truth, but one trial in this cause. If the defendant is precluded from his review, it is the effect of his consent to waive that privilege; but the plaintiff has not subjected himself to any such disadvantage.
Upon this opinion being pronounced, the counsel for the defendant in review withdrew the plea in abatement, and the action stood for trial upon the original pleas.

 1 D. & E. 267, 469.— Barnes, 431. 1 Lord Raym. 97, 98. —3 Lev. 275.