JAMES P. RAY & others *vs.* EDWIN D. WIGHT & another, & trustees.

Suffolk.    Nov. 10, 1875. — Jan. 10, 1876.    ENDICOTT & LORD, JJ., absent.

Under the bankrupt act, U. S. St. of 1867, c. 176, § 21; U. S. Rev. Sts. § 5106, a plaintiff having a valid attachment upon the property of a defendant, who, pending the action, but not within four months after the attachment was made, has instituted proceedings in bankruptcy, is not entitled to a special judgment, to be enforced only against the attached property, until the question of the debtor's discharge is determined, if there is no unreasonable delay on the part of the defendant in endeavoring to obtain his discharge.

CONTRACT against the acceptors of a draft for $2500, made by the Waterville Manufacturing Company, payable four months after date, and dated September 3, 1873. Writ dated January 20, 1874, and served on the trustees on the same day. The trustees admitted funds of the defendants in their hands to the amount of $1164, and they were in December, 1874, charged as trustees. The defendants appeared and filed an answer, alleging that they had been on November 7, 1875, adjudicated bankrupts, and that sufficient time had not elapsed for them to obtain their discharge, and praying that this suit should be stayed to await the determination of the court in bankruptcy, on the question of their discharge.

At the trial in the Superior Court, before *Putnam*, J., without a jury, it appeared that the defendants had been adjudicated

bankrupts, as alleged in their answer; and it was admitted that sufficient time had not elapsed in the proceedings in bankruptcy for them to obtain their discharge, and that there had been no unreasonable delay on their part in endeavoring to obtain it. It was also admitted that the plaintiffs' debt was under the bankrupt act provable in the proceedings in bankruptcy. The defendants contended that this suit should be stayed to await the determination of the court of bankruptcy on the question of their discharge, as provided in the bankrupt act, and filed a motion to that effect; but the judge refused to stay the same, and ordered judgment for the plaintiffs for the whole amount of the acceptance, " such judgment only to be enforced against the property attached on the writ in the hands of the trustees, but not to be enforced against the person of the defendants, or either of them, or any other property." The defendants alleged exceptions.

*C. T. Russell*, for the defendants.

*R. Stone, Jr.*, for the plaintiffs.

GRAY, C. J. A creditor who has brought his action more than four months before the commencement of the proceedings in bankruptcy, and has made an attachment which is not dissolved by such proceedings, may doubtless, after the question of the bankrupt's discharge has been determined by the United States court, have a special judgment against the property attached, even if a certificate of discharge has been granted to the bankrupt. *Davenport* v. *Tilton*, 10 Met. 320. *Bates* v. *Tappan*, 99 Mass. 376. *Stockwell* v. *Silloway*, 113 Mass. 382. *Johnson* v. *Collins*, 116 Mass. 392. *Peck* v. *Jenness*, 7 How. 612. *Doe* v. *Childress*, 21 Wall. 642, 646.

But the bankrupt act expressly provides that "no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceedings shall upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge," unless in case of unreasonable delay on the part of the bankrupt in endeavoring to obtain his certificate, or of proceeding, for the purpose of ascertaining the amount due, to a

merely formal judgment, upon which no execution can issue. U. S. St. 1867, *c.* 176, § 21.　U. S. Rev. Sts. § 5106.

The object of this provision is not only to protect the bankrupt, in case he obtains his certificate, from having the original cause of action against him merged in a judgment, the right of action upon which would not be barred by the discharge ; *Bradford* v. *Rice,* 102 Mass. 472 ; but to prevent his being harassed by suits until the question of discharge is determined, and therefore extends to all cases, without regard to the question whether the debt would or would not be barred thereby ; *In re Rosenberg* 3 Bened. 14 ; *In re Ghirardelli,* 1 Sawyer, 343 ; and also to enable the assignee, to whom all the rights of the bankrupt in the property have passed, subject to the attachment, to come in, if he elects so to do, and assume the defence of the action.　U. S. St. 1867, *c.* 176, § 14.　U. S. Rev. Sts. § 5047.　*Doe* v. *Childress,* 21 Wall. 642.　*Cleveland* v. *Boerum,* 24 N. Y. 613.

If, indeed, neither the bankrupt nor the assignee moves for a stay of proceedings, the court may proceed to judgment.　*Dunbar* v. *Baker,* 104 Mass. 211.　*Cutter* v. *Evans,* 115 Mass. 27.　*Doe* v. *Childress, ubi supra.*　But the court should allow reasonable time for the assignee to come in if he sees fit ; and, if either the bankrupt or the assignee seasonably interposes the objection, the proceedings must be stayed.

In *Bosworth* v. *Pomeroy,* 112 Mass. 293, the assignee had been admitted to defend the action, and it was agreed by all the parties that the case stood as if the bankrupt had received his discharge.

In the present case, it having been duly alleged by the bankrupts, and proved to the satisfaction of the court, that sufficient time had not elapsed for them to obtain their discharge, and that there had been no unreasonable delay on their part in endeavoring to obtain it, the action of the Superior Court, refusing a stay of proceedings and ordering judgment, was erroneous.

*Exceptions sustained.*