NATIONAL BANK OF CLINTON *vs.* EDWARD TAYLOR & others.

Suffolk. March 28. — 30, 1876. DEVENS & LORD, JJ., absent.

Upon the filing by the defendant in an action of contract, after his default and before judgment, of a copy of the adjudication of his bankruptcy in the United States District Court, he is entitled to have the case continued to await the determination of that court upon the question of his discharge ; and, upon filing his certificate or discharge, to have judgment rendered in his favor.

CONTRACT against the maker and indorsers upon a negotiable promissory note, made by the defendant Taylor, payable to the other defendants, and by them indorsed to the plaintiff. On June 15, 1874, at a calling of the docket, in the Superior Court, the court ordered the action to be placed on the short list for trial, on June 22, 1874 ; and on that day the defendants were all defaulted. The same day, the defendant Taylor was adjudged a bankrupt by the United States District Court for the district of Massachusetts, and on the same day, but after the default was entered, the defendant Taylor filed in this case a copy of the adjudication in bankruptcy and a motion for a continu-

ance of the case, to await the result of the bankruptcy proceedings. No objection was made to judgment against the other defendants. The motion to continue was opposed by the plaintiff, but the presiding judge ruled that the court had no discretion, but was required by the bankrupt act to continue the case, bankruptcy having been suggested in proper form before final judgment, and ordered the case to be continued. To this ruling the plaintiff excepted.

On September 20, 1875, the defendant Taylor received his discharge in bankruptcy, discharging him from all debts provable against his estate which existed June 22, 1874, and this discharge was pleaded in this case on September 21, 1874.

The plaintiff moved for judgment against all the defendants on the default. Taylor moved that judgment be entered in his favor, without costs, by reason of his discharge in bankruptcy. *Colburn*, J., ruled that, the case having been continued to await the result of the bankruptcy proceedings, and Taylor having obtained and pleaded his discharge, the court had no discretion in the matter, and ordered judgment for the defendant Taylor, without costs, by reason of his discharge in bankruptcy, and against the other defendants; and the plaintiff alleged exceptions.

*G. W. Morse*, for the plaintiff.

*P. A. Collins & G. A. Griffin*, for Taylor, were not called upon.

GRAY, C. J. The defendant Taylor having been adjudged a bankrupt in the District Court of the United States, and having filed a copy of such adjudication before judgment against him in this action, the case was rightly continued, upon his motion, to await the determination of that court upon the question of his discharge. *Ray* v. *Wight*, 119 Mass. 426. Having afterwards obtained his discharge in bankruptcy, and produced a certificate thereof, judgment was rightly rendered in his favor. *Lewis* v. *Shattuck*, 4 Gray, 572. *Carpenter* v. *Turrell*, 100 Mass. 450.

*Exceptions overruled*