DANIEL E. PAGE *vs.* FREDERICK W. COLE.

Suffolk. March 14. — July 3, 1877. ENDICOTT & SOULE, JJ., absent.

If a defendant in an action of contract, who has been duly adjudged a bankrupt after verdict against him and before judgment, makes application to have the case continued to await the determination of the bankruptcy court upon the question of his discharge, the Superior Court cannot enter judgment, even as of a former day ; and the fact that the defendant obtained a delay of the judgment by a frivolous motion for a new trial is immaterial.

CONTRACT for breach of an agreement. Writ dated December 22, 1873. On the same day personal property of the defendant was attached, and, on the next day, the defendant gave a bond with sureties to dissolve the attachment.

After the former decision reported 120 Mass. 37, the case was tried in the Superior Court, without a jury, before *Brigham*, C. J., who on October 16, 1876, found for the plaintiff in the sum of $420.52. On the following day the defendant filed a motion to set aside the finding and for a new trial, based on the grounds that the finding was contrary to law, and that the finding was against the evidence and the weight of the evidence.

The judge ceased the trial of cases in Suffolk on October 14, and did not return to hear motions until November 6. On the latter day the plaintiff's counsel applied to the judge (the defendant's counsel not being present nor having been notified) to have a day assigned for argument of the motion for a new trial. The judge stated that he would, on the following morning, fix a time. On the morning of the 7th, the judge accordingly fixed Thursday the 9th, at four o'clock in the afternoon, as the time for such argument, the defendant's counsel not being present nor having been notified of or consulted about the proceedings of the 6th or 7th, and having no knowledge of them. The judge directed the plaintiff's counsel on the 7th to notify the defendant's counsel that the hearing would take place on the 9th, at four in the afternoon. The plaintiff's counsel did not notify the defendant's counsel of such hearing until an hour before the time appointed for the hearing. The defendant's counsel, upon being notified, went immediately to the judge, and in the presence of the plaintiff's counsel complained that he had not had sufficient and proper notice of the assignment, pleaded an imperative professional engagement, which was at the time occupying him, and asked for a postponement of the hearing. The plaintiff's counsel objected to this unless the defendant would agree that, if the motion was overruled, judgment should be entered as of November 6. This the defendant's counsel expressly refused to do. The plaintiff's counsel then stated that he contended that the motion for a new trial was frivolous and intended for delay, and that he had reason to believe the object of the defendant's counsel in asking the delay was to get time to

file a petition in bankruptcy before the following afternoon, and thus defeat the plaintiff's right to recover upon the bond taken to dissolve the attachment. To this allegation of the plaintiff's counsel, the defendant's counsel made no response, neither admitting nor denying the truth thereof. The judge finally postponed the argument on the motion for new trial until the following day, at four o'clock in the afternoon. On the next day, before the hour appointed, the defendant filed his voluntary petition in bankruptcy in the United States District Court, and was duly adjudged a bankrupt, and, before the hour fixed for said hearing on the motion for a new trial, a suggestion of the defendant's bankruptcy was filed in the case, and the usual motion was made in open court for a continuance of the cause. The plaintiff's counsel resisted this motion, and asked for judgment as of November 6. The defendant's counsel contended that the court could not properly and legally enter a judgment. No decision was made upon this motion, but the hearing upon the motion for a new trial proceeded, and was argued by the respective counsel. The judge took these several matters under advisement, and on December 4, 1876, overruled the motion for a new trial, and ordered judgment for the plaintiff as of November 6. To this order of judgment and refusal to continue the case, the defendant alleged exceptions.

*J. Fox*, for the defendant.

*D. C. Linscott*, for the plaintiff.

MORTON, J. The bankrupt act provides that "no creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceeding shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge; provided there is no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge, and provided, also, that if the amount due the creditor is in dispute, the suit, by leave of the court in bankruptcy, may proceed to judgment for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy, but execution shall be stayed." **U. S. Rev. Sts. § 5106**

The object of this provision is not only to protect the bankrupt, to prevent his being harassed by suits while the question of his discharge is pending, and to enable him to plead his discharge in bar of the debt, but also to enable the assignee to come in and defend the suit. *Ray* v. *Wight*, 119 Mass. 426, and cases cited. *National Bank of Clinton* v. *Taylor*, 120 Mass. 124.

In the case at bar, before judgment was entered, the defendant was duly adjudged a bankrupt, and on the same day filed in the suit a suggestion of his bankruptcy and made application to the court to have the case stayed to await the determination of the question of his discharge. After this application, the Superior Court had no power to proceed further in the suit. It had no more power to enter a judgment as of a former day, the effect of which would be to hold the sureties on the bond to dissolve the attachment, to render the bankrupt liable to his sureties for such sum as they might pay notwithstanding his discharge, and thus practically to prevent his discharge from operating upon this debt, than it had to enter a judgment as of the day on which the order was made. The court cannot take into consideration the fact that the defendant obtained delay by a frivolous motion for a new trial. The provision of the bankrupt act is peremptory that upon the application of the bankrupt the suit shall be stayed to await the determination of the court of bankruptcy on the question of his discharge.

The order of the Superior Court that judgment be entered as of a former day was therefore erroneous.

*Exceptions sustained.*