JOHN GOLDEN, Jr. *vs.* HENRY M. BLASKOPF.

Suffolk.    March 14. — May 9, 1879.    MORTON & ENDICOTT, JJ., absent.

If the parties to an action file in court an agreement that judgment may be entered on a certain day, and on that day the defendant files a suggestion of his bankruptcy, which is not brought to the attention of the court until after judgment has been entered, it is within the discretion of the court, under the Gen. Sts. c. 146, § 21, to grant a writ of review to the defendant to enable him to set up a composition in bankruptcy as a defence.

WRIT OF REVIEW to reverse a judgment recovered by the defendant in review against the plaintiff in review. Trial in the Superior Court, without a jury, before *Pitman*, J., who allowed a bill of exceptions in substance as follows:

The original action was begun by an attachment of the defendant's property on March 13, 1876. The defendant gave a bond to dissolve the attachment, and the writ was returned and entered. After the defendant had filed his answer, denying generally his liability, and at the time when the case was about to be reached for trial, the attorneys for the parties made an agree-

ment that judgment should be entered for the plaintiff, for the amount claimed, on July 5, 1876. This agreement was filed in court on June 10, 1876, and minuted on the docket. On July 3, 1876, the defendant filed a voluntary petition in bankruptcy in the District Court of the United States, and on July 5, 1876, about ten o'clock in the forenoon, filed a suggestion of bankruptcy in the Superior Court. On July 7, 1876, execution issued.

On August 8, 1876, the defendant petitioned for a writ of review, which was granted, and this writ of review issued. The defendant in review pleaded in abatement the agreement for judgment and a judgment accordingly; the plaintiff in review filed a replication, setting up his composition with his creditors in bankruptcy; and it was agreed that this, if now open to the plaintiff in review, was a valid defence to the original action.

The defendant in review asked the judge to rule that the agreement for judgment on July 5, 1876, was a waiver of the right of review; that, even if the suggestion of bankruptcy was filed in court, it could not avail the plaintiff in review, unless he brought a motion for continuance to the notice of the court before the end of the term at which judgment was entered; and that the plaintiff in review is not entitled to a review as matter of law.

The judge refused so to rule; but ruled that all matters of equitable consideration or of discretion had been open upon the petition for a review, and that in this trial on the writ of review the parties stood upon their strict legal rights; that, the suggestion of bankruptcy having been filed prior to the rendering of the original judgment, although not called to the attention of the court, the plea of discharge by the resolution of composition, as set up, must prevail; found for the plaintiff in review, and ordered judgment accordingly. The defendant in review alleged exceptions.

*C. K. Fay*, for the defendant in review, cited *Hall* v. *Wolcott*, 10 Mass. 218; *Dunbar* v. *Baker*, 104 Mass. 211; *Cutter* v. *Evans*, 115 Mass. 27; *Boston* v. *Robbins*, 116 Mass. 313; *Todd* v. *Barton*, 117 Mass. 291; *Edwards* v. *Reginam*, 9 Exch. 628; *Wright* v. *Mills*, 4 H. & N. 488.

*G. M. Hobbs*, (*E. Avery* with him,) for the plaintiff in review.

GRAY, C. J. The objections taken would have been more properly presented at the hearing of the petition for a review, but, assuming them to be now open, they cannot avail.

The judge before whom the case was tried without a jury has found as matter of fact that the suggestion of bankruptcy was filed before the rendering of the original judgment. If that suggestion had been brought to the notice of the court before the actual entry of judgment, the case must have been continued to await the result of the proceedings in bankruptcy, and the suggestion could not have been defeated by an entry of judgment *nunc pro tunc.* U. S. Rev. Sts. § 5106. *Ray* v. *Wight,* 119 Mass. 426. *Clinton National Bank* v. *Taylor,* 120 Mass. 124. *Page* ▼ *Cole,* 123 Mass. 93. The suggestion of bankruptcy not having been brought to the notice of the court until after judgment had been entered, a review might properly be granted for the purpose of enabling the proceedings in bankruptcy to be set up by way of defence. Gen. Sts. *c.* 146, § 21. *Todd* v. *Barton,* 117 Mass. 291. *Shurtleff* v. *Thompson,* 63 Maine, 118.

It is contended, upon the authority of *Edwards* v. *Reginam,* 9 Exch. 628, and *Wright* v. *Mills,* 4 H. & N. 488, that the judgment took effect as of the earliest minute of the day on which it was rendered, and therefore in law took precedence of the suggestion of bankruptcy filed at ten o'clock on the same day. It is not clear that it would be allowed such an effect in England in an action between individuals. *Green* v. *Laurie,* 1 Exch. 335. Robson on Bankruptcy (3d ed.) 504. In this country, fractions of a day are usually regarded, when necessary for the ends of justice. *Bigelow* v. *Willson,* 1 Pick. 485, 495. *Brainard* v. *Bushnell,* 11 Conn. 16. *Lemon* v. *Staats,* 1 Cowen, 592. And if the judgment could by a technical rule have the unjust operation contended for, it was certainly within the discretion of the court to grant a writ of review in order to prevent that consequence.

The previous agreement of the parties for the entry of judgment, although it might, according to the decision in *Hall* v. *Wolcott,* 10 Mass. 218, have been a waiver of a review as of right, could not control the discretion of the court in granting a review upon petition. *Exceptions overruled.*