JOHN C. SCHWARTZ *vs.* DAVID G. DRINKWATER.

Cumberland. Opinion December 12, 1879.

*Insolvent law of 1878. Pre-existent debts. Proceedings in court.*

Whether an insolvent shall or not have a stay of proceedings in an action against him until his petition in insolvency may be disposed of, is a matter of discretion with the judge before whom the action is pending, whose ruling is not reviewable by this court.

The insolvent law of this state enacted in 1878, so far as it provides for a discharge of the debtor's liabilities existing before the law was passed and not proved against the debtor's estate, is unconstitutional and void.

ON EXCEPTIONS, from the superior court for Cumberland county.

ASSUMPSIT on account annexed for $250.82. Writ dated February 20, 1877, entered March term, 1877. At the October term 1878, defendant suggested his insolvency, filed a motion setting forth said insolvency, and moved that said suit be stayed to await the result of said insolvency proceedings. Said action was continued from term to term till May term, 1879, when the court denied said motion, and ruled that the suggestion of insolvency by defendant did not operate as a stay of proceedings as prayed for in said motion. Whereupon the defendant alleged exceptions.

*H. C. Peabody*, for the plaintiff.

*P. J. Larrabee*, for the defendant.

PETERS, J. The defendant, being in insolvency, and having had some delay of this suit on that account, moves for a further stay of proceedings until his petition in the court of insolvency has been disposed of. Under the late bankrupt law a stay of proceedings for a reasonable time was a matter of right, whether the discharge sought to be obtained in bankruptcy would be pleadable to the pending action or not. The object was to prevent a bankrupt being needlessly hampered and embarrassed by the calls of different courts at the same time. Bankrupt Act, § 5106. Bump's notes thereto. *Ray* v. *Wright*, 119 Mass. 426. The insolvent act of this state contains no such provision. Section 47 (act of 1878) does not apply here. Therefore whether the motion should

be granted or not was for the judge to determine as a matter of discretion. His ruling, unless some palpable error was committed, could not be reviewed here. *Barker v. Haskell*, 9 Cush. 218. Undoubtedly a court of bankruptcy or insolvency might enjoin a creditor against pressing his debtor in another court, under circumstances calling for its interposition.

In this case the insolvent debtor has no cause of complaint anywhere. The suit was commenced before the insolvent law was passed. His discharge, if obtained, could not be pleaded in bar thereto. We notice that section 45 of the act of 1878 provides that a discharge shall be a bar to all the insolvent's provable liabilities. But so far as it bears upon debts existing before the law was passed, thus impairing the obligation of a contract, it is unconstitutional and void. It is too late to regard this an arguable question. The supreme court of the United States has settled the question, and their determination of it is, as far as all other courts are concerned, both state and national, final and conclusive. Nor has any court attempted to avoid it. *Sturges v. Crowninshield*, 4 Wheat. 122. *Ogden v. Saunders*, 12 Wheat. 213. *Boyle v. Turner*, 6 Pet. 635. Cool. Const. Lim., 2nd ed. 360, *294. 3 Pars. Con. *553.

*Exceptions overruled.*

APPLETON, C. J., WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.