L. C. SEAVEY & another *vs.* DANIEL W. BECKLER.

Suffolk. March 8. — 16, 1880. ENDICOTT & SOULE, JJ., absent.

The provisions of the U. S. Rev. Sts. § 5106, for staying, upon the application of a bankrupt, and to await the determination of the question of his discharge, suits upon claims provable in bankruptcy, are applicable to a suit pending before a referee, to whom it has been referred by consent of parties and rule of court.

CONTRACT for work done and materials furnished. In the Superior Court, the case was referred by consent of parties and rule of court.

Before proceeding with the hearing before the referee, the defendant filed a suggestion in writing, that he had been adjudged a bankrupt under the bankrupt law of the United States, that the proceedings in bankruptcy were still pending in the United States District Court, and that six months had not yet elapsed since the commencement of those proceedings; and also filed a motion that the case be therefore continued to await such proceedings in bankruptcy, and especially the event of the defendant's discharge.

The referee returned his award in favor of the plaintiff, subject to the opinion of the court upon this question of law: At the hearing before the referee, the defendant objected to further proceedings, upon the ground, stated in the suggestion filed by him and which was annexed to the award, that he had been adjudged a bankrupt; and it appeared that the attachment upon the original writ had existed more than four months before the filing of the defendant's petition in bankruptcy. The referee overruled the objection, and ordered the defendant to proceed in the hearing.

The plaintiffs moved for a special judgment to enable them to proceed against the sureties upon the bond given to dissolve the attachment. The defendant objected to the acceptance of the award, upon the ground that the referee erred in refusing his application to stay proceedings. *Brigham*, C. J., ordered the award to be accepted, and special judgment entered as prayed for by the plaintiffs. The defendant appealed to this court.

*W. S. Stearns*, for the plaintiffs, cited U. S. Rev. Sts. § 5106; St. 1875, c. 68; *Dunbar* v. *Baker*, 104 Mass. 211; *Bradford* v. *Rice*, 102 Mass. 472; *Bosworth* v. *Pomeroy*, 112 Mass. 293; *Ray* v. *Wight*, 119 Mass. 426, and cases cited; *Barnstable Savings Bank* v. *Higgins*, 124 Mass. 115.

*S. J. Thomas*, for the defendant.

GRAY, C. J.  The bankrupt act of the United States peremptorily requires that any suit upon a claim provable in bankruptcy shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy upon the question of his discharge, unless there is unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge, or leave is granted by the court in bankruptcy to prosecute the suit to judgment to ascertain the amount due.  U. S. Rev. Sts. § 5106.  The object of this enactment is to protect the bankrupt from being harassed by suits before the question of his discharge is determined, as well as to enable the assignee in bankruptcy to come in, if he elects so to do, and assume the defence of the suit.  If either the bankrupt or the assignee seasonably avails himself of this privilege, it is not in the discretion of the state courts, or of any referee or other officer acting under their authority, to disobey the act of Congress and defeat its object by compelling the defendant to proceed to trial.  *Ray* v. *Wight*, 119 Mass. 426.  *Clinton National Bank* v. *Taylor*, 120 Mass. 124.  *Towne* v. *Rice*, 122 Mass. 67.  *Page* v. *Cole*, 123 Mass. 93.

In the present case it was stated in the suggestion filed by the bankrupt, brought to the notice of the referee before the hearing, and made a part of his award for the purpose of presenting the question of law to the court, that six months had not elapsed since the commencement of the proceedings in bankruptcy, thus showing that there could have been no delay in applying for a certificate of discharge.  U. S. Rev. Sts. § 5108.  And no order of the court in bankruptcy, giving leave to prosecute the suit to judgment, was produced.  It was therefore the duty of the referee to suspend further proceedings before him, at least until application could be made to the court which appointed him for instructions.  The objection having been seasonably interposed before the referee, and renewed

before the court at the hearing upon the acceptance of the award, the award and judgment for the plaintiff are erroneous, and must be                                          *Set aside.*