JOSEPH B. MOORS *vs.* CHARLES ALBRO.
SAME *vs.* SAME.

Suffolk.    March 15. — June 24, 1880.    ENDICOTT & SOULE, JJ., absent.

An attachment of property of a debtor, made within four months of the com-
mencement of proceedings in bankruptcy, is dissolved by a conveyance by the
bankrupt of his estate to trustees, under the U. S. Rev. Sts. § 5103; and, in
an action by the attaching creditor to enforce his claim, in which judgment
is rendered for the defendant on his discharge in bankruptcy, the trustees are
entitled to judgment for their costs.

An absolute deed of land with a contemporaneous, though unrecorded, agreement
of defeasance, is, in equity at least, a mortgage, as between the grantor and
the grantee, leaving an equity of redemption in the former, which vests in his
trustees in bankruptcy, under the U. S. Rev. Sts. § 5103; and the fact that the
deed is recorded, and the agreement of defeasance is not recorded, does not
create any estoppel of which an attaching creditor of the bankrupt can avail
himself.

TWO ACTIONS OF CONTRACT upon promissory notes. Writs
dated October 6 and October 7, 1876. Upon each writ attach-
ments were made of real estate in Middlesex County on Octo
ber 7, 1876, and of real estate in Bristol County on October 9,
1876. On February 9, 1877, the bankruptcy of the defendant
was suggested. The cases were afterwards submitted to the
judgment of the Superior Court upon the following statement
of facts:

On August 12, 1876, the land in Bristol County was conveyed
by the defendant by absolute deed, recorded September 30, 1876,
to Dexter, Abbott & Co., who, at the same time and as part of
the same transaction, signed and gave him the following agree-
ment, which was never recorded: "Whereas Charles Albro of
Taunton has this day conveyed to us all his right, title and in-
terest in and to one undivided third part of certain real estate,
known as the City Hotel property in said Taunton: Now these
presents witness that said property has been conveyed to us, and
is now held by us, as security for the repayment to the firm of
Dexter, Abbott & Co. of twenty-two hundred dollars, this day
advanced by said firm to said Albro, and as security for all other
and further sums that may be hereafter advanced to the said
Albro by the said firm, and that, when all such advances to said
Albro with interest are fully repaid, said Albro will be entitled

to demand, and we will thereupon make to him, a reconveyance of the said property." On October 14, 1876, the land in Middlesex County was also conveyed by the defendant by absolute deed, recorded October 16, 1876, to Dexter, Abbott & Co., who, at the same time and as part of the same transaction, signed and gave him a similar agreement, which was never recorded. The plaintiff knew of both deeds shortly after they were recorded, but had no knowledge of the agreements until long after the institution of the proceedings in bankruptcy. The real estate attached is more than sufficient to pay the plaintiff's claims.

The petition in bankruptcy was filed February 2, and the defendant was adjudicated a bankrupt on February 5, 1877. At the first meeting of his creditors, George M. Woodward and Elisha T. Jackson were duly chosen his trustees in bankruptcy under the U. S. Rev. Sts. § 5103, and accepted the trust, and have since managed his estate under the direction of the committee of creditors chosen for that purpose; and, by order of the District Court of the United States, the following indenture was executed by the defendant and the trustees: " This indenture, made this twenty-third day of February, A. D. 1877, between Charles Albro, of said Taunton, and Elisha T. Jackson and George M. Woodward, both of said Taunton, on behalf and with the consent of the creditors of the said Charles Albro, witnesseth, that the said Charles Albro hereby conveys, transfers and delivers all his estate and effects to the said Elisha T. Jackson and George M. Woodward absolutely, to have and to hold the same in the same manner and with the same rights in all respects as the said Charles Albro would have had or held the same, if no proceedings in bankruptcy had been taken against him, to be applied and administered for the benefit of the creditors of said Charles Albro in like manner as if said Charles Albro had been at the date hereof duly adjudged bankrupt, and the said Elisha T. Jackson and George M. Woodward had been appointed assignees in bankruptcy under said act." This indenture was recorded in the proper registry of deeds for Bristol County on March 6, 1877, and in the proper registry of deeds for Middlesex County on August 8, 1877. No assignee in bankruptcy has been appointed, and the plaintiff has not proved his claims against the defendant's estate.

The trustees, not contesting the demands of the plaintiff against the estate, moved. that the attachments be dissolved. The plaintiff moved for special judgments against the property attached. If the trustees were entitled to a dissolution of the attachments, judgments were to be rendered accordingly; otherwise, special judgment was to be rendered against the property attached in each case for a sum agreed on by the parties.

The Superior Court .overruled the motions of the plaintiff for special judgment, and the motions of the trustees for dissolution of the attachments, and, the defendant having pleaded and proved a discharge in bankruptcy, ordered judgment for him in each action. The plaintiff and the trustees appealed to this court.

*O. W. Holmes, Jr.*, for the plaintiff.

*G. E. Williams*, for the trustees in bankruptcy.

GRAY, C. J. The bankrupt act provides that where three fourths in value of the creditors whose claims have been proved have resolved that it is for the interest of the general body of the creditors that the estate of the bankrupt shall be settled by trustees under the supervision and direction of a committee of the creditors, and the resolution has been confirmed by the court, " the bankrupt, or, if an assignee has been appointed, the assignee, shall, under the direction of the court, and under oath, convey, transfer and deliver all the property and estate of the bankrupt to the trustees, who shall,· upon such conveyance and transfer, have and hold the same in the same manner, and with the same powers and rights, in all respects, as the bankrupt would have had or held the same if no proceedings in bankruptcy had been taken, or as the assignee in bankruptcy would have done, had such resolution not been passed." U. S. Rev. Sts. § 5103. The conveyance to the trustees is to be made by the assignee if there is one, and by the bankrupt if no assignee has been appointed; and, whether it is made by the one or by the other, the trustees have all the powers and rights which either the bankrupt would have had if there had been no proceedings in bankruptcy, or an assignee in bankruptcy would have had if no such resolution had been passed. ˙

It was ingeniously argued by the plaintiff's counsel, that this provision is to be construed distributively, giving the trustees

no more than the rights of the bankrupt, if the conveyance is made by the bankrupt, and the rights of an assignee, only where the conveyance is made by an assignee; and therefore that, the conveyance to the trustees in this case having been made by the bankrupt before the appointment of an assignee, the attachment made within four months of the commencement of the proceedings in bankruptcy is not dissolved by virtue of § 5044. But that argument is refuted by the subsequent clauses of § 5103, which not only declare that " the winding up and settlement of any estate under the provisions of this section shall be deemed to be proceedings in bankruptcy," but add that " the trustees shall have all the rights and powers of assignees in bankruptcy," and further provide for the examination of the bankrupt, and of any creditor or debtor of the estate, or any person known or suspected of having any of the estate in his possession, and for granting a certificate of discharge to the bankrupt, as in other proceedings in bankruptcy.

The purpose of the statute in allowing trustees to be chosen, instead of assignees, to administer the estate of the bankrupt, is to enlarge the discretionary powers of the officers entrusted by the court with the winding up and settlement of the estate. See *Foster* v. *Ames*, 1 Lowell, 313; *In re Cooke*, 11 Bankr. Reg. 1. The whole tenor of the section is inconsistent with the theory that, whether the bankrupt or the assignee is the person to execute the formal conveyance, the estate to be administered by the trustees shall be less than it would be if administered by an assignee in the ordinary course.

We are therefore of opinion that any attachment of property of the bankrupt, made within four months of the commencement of the proceedings in bankruptcy, is as effectually dissolved when a conveyance of the bankrupt's estate is made by the bankrupt to trustees under § 5103, as when it is made by the register to assignees in bankruptcy under § 5044. This conclusion is supported by the decisions of Judge Shipman in the District Court of the United States for the District of Connecticut in the case of *In re Williams*, 2 Bankr. Reg. 229, 230, and of Judges Lowell and Knowles in the Circuit Court of the United States for the District of Rhode Island in the case of *Weybossett Bank* v. *Border City Mills*, May term 1879.

The deeds from the bankrupt to Dexter, Abbott & Company of lands in Bristol and in Middlesex, with contemporaneous, though unrecorded, agreements of defeasance, were, in equity at least, mortgages, as between the bankrupt and the grantees, leaving an equity of redemption in him. *Campbell* v. *Dearborn*, 109 Mass. 130. That equity of redemption, like other property and rights, legal or equitable, of the bankrupt, would pass to an assignee under §§ 5044, 5046, and therefore vested in the trustees in bankruptcy. The fact that the deeds to Dexter, Abbott & Co. were recorded, while the agreements of defeasance were not recorded, does not create any estoppel of which the attaching creditors can avail themselves. The deed of the land in Bristol, having been made before the attachment, would, taken by itself, show no title whatever in the debtor which could be attached. The deed of the land in Middlesex was made after the attachment, and neither the making and recording of that deed, nor the omission to record the agreement of defeasance, constituted any representation to the attaching creditors, or anything on which they had a right to rely, or appear to have relied, to their detriment.

The result in each case is, that the plaintiff's attachment is dissolved and he is not entitled to a special judgment; that the judgment for the defendant on his discharge in bankruptcy must be affirmed; and that the trustees, who had the same right as assignees in bankruptcy to intervene to protect the estate, are to have judgment for their costs. *Doe* v. *Childress*, 21 Wall. 642. *Ray* v. *Wight*, 119 Mass. 426. *Seavey* v. *Beckler*, 128 Mass. 471.

*Judgments accordingly.*