## DIMOCK *v.* REVERE COPPER COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

Argued March 22, 1886.—Decided April 5, 1886.

A discharge in bankruptcy is no bar to an action on a judgment recovered against the bankrupt after his discharge in a suit, commenced before the bankruptcy, pending when the discharge was granted, and founded upon a debt provable against him in bankruptcy.

This case came here by a writ of error to the Supreme Court of New York, having been decided in the Court of Appeals,

and the record remitted to the Supreme Court that judgment might be finally entered there.

The action was brought in that court on a judgment in favor of the Revere Copper Company, plaintiff, against Anthony W. Dimock, rendered in the Superior Court of the Commonwealth of Massachusetts, for the county of Suffolk, on the 1st day of April, 1875.

The defendant, Dimock, pleaded, in bar of this action, a discharge in bankruptcy, by the District Court of the United States for the District of Massachusetts, rendered on the 26th day of March, 1875, five days before judgment in the State court.

The case being submitted to the New York Supreme Court in special term, without a jury, that court found the following facts and conclusions of law thereon:

### "As Findings of Fact.

"First. That the plaintiff is, and at the times hereinafter mentioned was, a corporation, duly organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts.

"Second. That on or about the 13th day of January, 1874, the Revere Copper Company of Boston, Massachusetts, the plaintiff herein, commenced an action in the Superior Court of the Commonwealth of Massachusetts, within and for the county of Suffolk, a court of general jurisdiction, against Anthony W. Dimock, the defendant herein, by the issue of a writ of attachment against the goods, estate, and body of the said defendant, and which said writ was duly served on said defendant, and the summons to appear in said action was duly served upon him personally, and that the said defendant thereafter duly appeared in said action by attorney; that the cause of action was an endorsement of said Dimock of two promissory notes made in the city of New York to the order of plaintiff by the Atlantic Mail Steamship Company, and dated December 19, 1872.

"Third. That on or about June 23, 1874, the said defendant, Anthony W. Dimock, filed a petition in bankruptcy, and was duly adjudicated a bankrupt, in the District Court of the United States for the District of Massachusetts, and that such pro-

ceedings were thereafter had that, on or about March 26, 1875, the said Dimock was discharged from all debts and claims provable against his estate, and which existed on the 23d day of June, 1874.

"Fourth. That such proceedings were had in the aforesaid action in the Superior Court of the Commonwealth of Massachusetts that on or about April 1st, 1875, the plaintiff duly recovered judgment in said action against the defendant for the sum of three thousand five hundred and ninety-five $\frac{15}{100}$ dollars ($3595.15), and that said judgment was upon that day duly entered.

"Fifth. That no part of said judgment has been paid, and the whole thereof is now due and payable to the plaintiff."

*"As Conclusions of Law.*

"I. That the said proceedings in bankruptcy are no bar to the present action, and constitute no defence herein.

"II. That the plaintiff should have judgment against the defendant for the sum of three thousand five hundred and ninety-five $\frac{15}{100}$ dollars ($3595.15), with interest from April 1st, 1875, amounting to one thousand one hundred and forty-two $\frac{96}{100}$ dollars ($1142.96), making in all four thousand seven hundred and thirty-eight $\frac{11}{100}$ dollars ($4738.11), together with the costs of this action, to be taxed, and an allowance, in addition to costs, amounting to the sum of seventy-five dollars."

The judgment rendered on these findings was reversed by the Supreme Court in general term, and that judgment was in turn reversed by the Court of Appeals, which restored the judgment of the special term. 90 N. Y. 33.

*Mr. George Putnam Smith* for plaintiff in error.

I. It is immaterial that the form of the debt was changed after the institution of the proceedings in bankruptcy. The debt remained the same. When the essential rights of the parties are influenced by the nature of the original contract, the court will look into the judgment to ascertain what that original cause was. *Betts* v. *Bagley*, 12 Pick. 572; *Clark* v. *Rowling*, 3 N. Y. (3 Comst.) 216. In New York a judgment is not a new debt, but merely a form of an old debt. *Wyman* v. *Mitchell*,

1 Cowen, 316 ; *Clark* v. *Rowling,* above cited.   If during pendency of proceedings in bankruptcy, a provable claim is transformed into a judgment, it is nevertheless extinguished by a subsequent discharge in bankruptcy.   *Monroe* v. *Upton,* 50 N. Y. 593 ; *Ocean Bank* v. *Olcott,* 46 N. Y. 12, 22 ; *Dewey* v. *Moyer,* 72 N. Y. 70, 75.   The same doctrine prevails in many of the States, while in Maine, Massachusetts, New Hampshire, Missouri and other States, a judgment is regarded as a new debt, and therefore, if recovered after a petition in bankruptcy, it would not be affected by a subsequent discharge.   But as it is the established law of New York that a judgment on a provable claim is barred by a subsequent discharge in bankruptcy, Mr. Dimock, when sued in that State upon the Massachusetts judgment, was entitled to the benefit thereof.   If, therefore, the judgment had been entered before, instead of five days after the plaintiff in error obtained his discharge in bankruptcy, no action could have been brought in New York upon that judgment to which the discharge would not have been a complete defence.

II.   The fact that this claim was transformed into a judgment after the discharge was granted does not take it out of the operation of the rule stated in Point I.   It is true that the judgment was obtained after the discharge ; but it was on a default taken some time prior to it, and at the time it was taken the defaulted defendant was in no position to interpose the plea of discharge in bankruptcy.   There were no laches on the part of the bankrupt, as only five days had elapsed after the discharge, when the judgment was entered.   The adjudication took place when the default was entered.   The default was a confession by Dimock of all the material and traversable allegations in the declaration, the denial of which would have called for proof.   *Huntress* v. *Effingham,* 17 N. H. 584 ; *Bates* v. *Loomis,* 5 Wend. 134.   The question of the effect of the discharge in bankruptcy was not then one of those questions.   *Jarvis* v. *Blanchard,* 6 Mass. 4 ; *Huntress* v. *Effingham,* above cited.   All the decisions holding that a discharge in bankruptcy to be effectual must be pleaded in the suit pending on the original claim will be found to be either, 1. Rendered

in States wherein the law is that a judgment is a new debt and not merely a new form of an old debt; or, 2. Rendered in suits which arose under the Bankruptcy Acts of 1811 or 1841. Now there is a vitally important difference between the effect of a discharge in bankruptcy under the acts of 1811 and 1841 and that of one obtained under the act of 1867. Under the act of 1867, "the certificate of discharge shall be conclusive evidence in favor of the bankrupt of the fact and regularity of such discharge." A discharge granted under this act, cannot be impeached in a State court. *Ocean Bank* v. *Olcott*, 46 N. Y. 12. Under the acts of 1811 and 1841 the discharge could be impeached in a State court and this was the reason why it was held that its merit must be determined in the action brought on the original claim and that it could not be used in bar of a suit on a judgment. *Alcott* v. *Avery*, 1 Barb. Ch. 347; *Cable* v. *Cooper*, 15 Johns. 152, 155.

III. By Rev. Stat. § 5119 (Bankruptcy Act of 1867) a discharge is made a bar to all suits upon a provable claim. Under this act therefore two courses were open to a bankrupt against whom a suit was brought upon such a claim during the pendency of the bankruptcy proceedings. 1. He might under section 5106 enjoin the prosecution of the suit until he obtained his discharge and then plead this discharge in bar of the pending suit. 2. He might defend the action on the merits or allow it to go by default. In the latter event the "provable claim" would ripen into a judgment which conclusively settled against the bankrupt all the issues involved therein, and which would be collectable by execution or any other method that did not require a suit. But if suit was brought to collect the judgment then under section 5119 the bankrupt could plead his discharge in bar of that suit. This is precisely what the plaintiff in error did. The discharge was a complete bar to the suit on the judgment. *Anderson* v. *Anderson*, 65 Georgia, 518; *Braman* v. *Snider*, 21 Fed. Rep. 871; *Clark* v. *Rowling*, above cited.

*Mr. David Willcox* for defendant in error.

MR. JUSTICE MILLER, after stating the facts as above reported, delivered the opinion of the court.

The only question considered at all these trials was whether the discharge of the defendant in the bankruptcy proceeding is, under the facts found by the court, a bar to the present action; and, as the decision by the New York court against the plaintiff in error as to the effect of that order of discharge is to refuse to him a right claimed under the laws of the United States, this court has jurisdiction to review the decision.

The Superior Court of Massachusetts had jurisdiction of the suit of the Copper Company against Dimock, both as regards the subject-matter and the parties. This jurisdiction was rendered complete by service of process and by the appearance of the defendant. All this was before the beginning of the bankruptcy proceeding. Nothing was done to oust this jurisdiction, and the case accordingly proceeded in due order to the rendition of the judgment which is the foundation of this action. It is not argued that this judgment was void, or that the court was ousted of its jurisdiction by anything done in the bankruptcy court. No such argument could be sustained if it were made. In the case of *Eyster* v. *Gaff*, 91 U. S. 521, which was very similar to this on the point now before the court, it was said: "The court in that case had acquired jurisdiction of the parties and of the subject-matter of the suit. It was competent to administer full justice, and was proceeding according to the law which governed such a suit to do so. It could not take judicial notice of the proceedings in bankruptcy in another court, however seriously they might affect the rights of parties to the suit already pending. It was the duty of that court to proceed to a decree between the parties before it, until by some proper pleadings in the case it was informed of the changed relations of any of the parties to the subject-matter of the suit. Having such jurisdiction, and performing its duty as the case stood in that court, we are at a loss to see how its decree can be treated as void." The court then goes on to show, that, if the assignee had brought his right, acquired *pendente lite*, to the notice of the court, it would have been protected. *Hill* v. *Harding*, 107 U. S. 631.

So here, if Dimock had brought his discharge to the attention of the Superior Court at any time before judgment, it would have been received as a bar to the action, and, under proper circumstances, even after judgment, it might be made the foundation for setting it aside and admitting the defence. *Ray* v. *Wight*, 119 Mass. 426; *Page* v. *Cole*, 123 Mass. 93; *Golden* v. *Blaskopf*, 126 Mass. 523. Nothing of the kind was attempted. The question before the Massachusetts court for decision, at the moment it rendered its judgment, was, whether Dimock was *then* indebted to the Copper Company. Of Dimock and of this question it had complete jurisdiction, and it was bound to decide it on the evidence before it. Its decision was, therefore, conclusive, as much so as any judgment where the jurisdiction is complete. It concluded Mr. Dimock from ever denying that he was so indebted on that day, wherever that judgment was produced as evidence of the debt. If he had the means at that time to prove that the debt had been paid, released, or otherwise satisfied, and did not show it to the court, he cannot be permitted to do it in this suit; and the fact that the evidence that he did not then owe the debt was the discharge in bankruptcy, made five days before, does not differ from a payment and receipt in full or a release for a valuable consideration. *Cromwell* v. *Sac County*, 94 U. S. 351; also, *Claflin* v. *Houseman*, 93 U. S. 130, 134. A still stronger case of the validity of judgments of a State court, in their relation to bankruptcy proceedings, had *pendente lite*, is that of *Davis* v. *Friedlander*, 104 U. S. 570.

In the case of *Thatcher* v. *Rockwell*, 105 U. S. 467, 469, the Chief Justice, after alluding to these and other cases, says: They "establish the doctrine that, under the late bankrupt law, the validity of a pending suit, or of the judgment or decree thereon, was not affected by the intervening bankruptcy of one of the parties; that the assignee might or might not be made a party; and whether he was so or not he was equally bound with any other party acquiring an interest *pendente lite*."

It is said, however, that, though the defendant had his discharge before the judgment in the State court was rendered, and might have successfully pleaded it in bar of that action and

did not do so, the judgment now sued on is the same 'debt, and was one of the debts from which, by the terms of the bankrupt law, he was discharged under the order of the bankruptcy court, and to any attempt to enforce that judgment the discharge may be shown as a valid defence. That is to say, that the failure of the defendant to plead it when it was properly pleadable, when, if he ever intended to rely on it as a defence, he was bound to set it up. works him no prejudice, because, though he has a dozen judgments rendered against him for this debt after he has received his discharge, he may at any time set it up as a defence when these judgments are sought to be enforced. Upon the same principle, if he had appeared in the State court and pleaded his discharge in bar, and it had been overruled as a sufficient bar, he could, nevertheless, in this action on that judgment, renew the defence.

But, in such case, his remedy would not lie in renewing the struggle in a new suit on such judgment, but in bringing the first judgment for review before this court where his right under the discharge would have been enforced then, as he seeks to do it now, after submitting to that judgment without resistance and without complaint.

We are of opinion that, having in his hands a good defence at the time judgment was rendered against him, namely, the order of discharge, and having failed to present it to a court which had jurisdiction of his case, and of all the defences which he might have made, including this, the judgment is a valid judgment, and that the defence cannot be set up here in an action on that judgment. The case of *Steward* v. *Green*, 11 Paige, 535, seems directly in point. So, also, are *Hollister* v. *Abbott*, 11 Foster, 31 N. H. 442, and *Bradford* v. *Rice*, 102 Mass. 472.

It is clear that until the judgment of the Massachusetts court is set aside or annulled by some direct proceeding in that court, its effect cannot be defeated as a cause of action, when sued in another State, by pleading the discharge as a bar which might have been pleaded in the original action.

The judgment of the New York court is    *Affirmed.*