TIMOTHY F. BURNS *vs.* JAMES J. HUNNEWELL & others.

Middlesex.    January 14, 1914.— February 27, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, & CROSBY, JJ.

*Mortgage,* Of real estate: equitable. *Accord and Satisfaction.*

Where, at the time of the making of a promissory note, the maker of the note gives to the payee a deed of certain land absolute in form and receives from the payee an agreement in writing to reconvey the land on payment of the note at maturity, or otherwise to hold the property "absolutely, free from any legal or equitable claims" of the grantor, the deed and agreement together constitute an equitable mortgage; and, in an action on the note, the acceptance of the deed, followed by the non-payment of the note at maturity, cannot be set up as an accord and satisfaction, and is no defense to the action.

CONTRACT on a promissory note for $350 dated June 19, 1912, and payable to the plaintiff thirty days after date. Writ dated August 8, 1912.

The answer, besides a general denial and an averment of payment, alleged that, at the time the note referred to in the plaintiff's declaration was delivered to him, the plaintiff signed and delivered to the defendants an agreement, which is described in the opinion,

whereby certain real estate was conveyed to the plaintiff and it was agreed by the plaintiff that on the non-payment of the note, the agreement should be null and void and the title to the real estate should vest in the plaintiff absolutely; that the note was not paid and the plaintiff did take possession of the real estate and now holds its title and possession in pursuance of the agreement, by which the plaintiff received full satisfaction of the note.

In the Superior Court the case was submitted upon an agreed statement of facts, including those stated in the opinion, to *Jenney*, J., who found for the plaintiff in the sum of $375.44. In addition to the facts stated in the opinion, it appeared that, when the note was not paid, the plaintiff notified the tenant of the premises to pay the rent to him; but that, before the plaintiff received any rent or profits of any kind from the land and buildings conveyed, an underlying mortgage was foreclosed, and the property and its possession passed wholly out of the plaintiff's control. Judgment was entered for the plaintiff in accordance with the finding; and the defendants appealed.

The case was submitted on briefs.

*D. Powers*, for the defendants.

*T. F. Burns*, pro se.

CROSBY, J. This is an action upon a promissory note wherein three of the defendants are makers and the fourth defendant is an indorser. From the agreed facts it appears that the note was given in consideration of a loan from the plaintiff to the defendants of $300, and that "at the time the note in question was delivered to the plaintiff, two of the defendants executed and delivered to the plaintiff a quitclaim deed of certain land with the buildings thereon situated in Malden in said county." It was further agreed that upon receiving this deed the plaintiff executed a written agreement, by the terms of which he promised to reconvey the premises to the grantors provided that the note was paid at maturity, and if not so paid, "the title to said property to vest in me [the plaintiff] absolutely, free from any legal or equitable claims of said Hunnewells."

It is clear that the deed and agreement taken together constitute in equity a mortgage to secure the payment of the loan. The rule long has been established in this Commonwealth that if

a conveyance absolute in form is given as security for a debt, it will be construed to be a mortgage no matter how strongly the language used may indicate that the parties intended to prevent any right of redemption or reconveyance. *Murphy* v. *Calley*, 1 Allen, 107. *Campbell* v. *Dearborn*, 109 Mass. 130. *Moors* v. *Albro*, 129 Mass. 9.

"Though it be ever so strongly expressed that the estate shall be absolute if the money is not paid at the day fixed, such stipulation would be void. It does not depend upon the intent of the parties; because it is an intent contrary to the rules of law, which the law will not carry into effect." *Bayley* v. *Bailey*, 5 Gray, 505, 510.

The plaintiff, holding the defendants' overdue note, may enforce his claim by a personal action, to the same extent and by the same remedy that an action might have been brought upon the note had it been secured by a mortgage upon the real estate with a defeasance clause in the usual form. The receipt of the deed by the plaintiff, followed by the failure of the defendants to pay the note when due, does not amount to a satisfaction of the debt.

It follows that in accordance with the stipulation contained in the agreed facts, judgment is to be entered for the plaintiff for the amount of the note and interest.

*So ordered.*