**BYRNE v. STEWART. ***

No. 9442.

Court of Civil Appeals of Texas. Galveston.
June 24, 1930.

Rehearing Denied July 17, 1930.

Stewart & De Lange, of Houston, and Thomas, Storey & Grady, of Dallas, for appellant.

William H. Wilson, of Houston, and Butler, Price & Maynor and Marsh & McIlwaine, all of Tyler, for appellee.

GRAVES, J.

This general statement of the nature and result of the suit below is taken from appellant's brief:

"This case was filed in the nature of a bill of review to set aside a judgment rendered against appellant in cause No. 103369, styled Stewart v. Houston Finance Corporation et al., pending in the Fifty-Fifth Judicial District Court of Harris County, Texas, which said judgment amounted to the sum of $14,731.62. Appellant alleged that neither he nor his attorneys had any knowledge or notice of the setting of said cause No. 103369 for the date on which the judgment was rendered; that he had a meritorious defense to the cause of action in that he had, prior to the date of the judgment, been granted a discharge from all of his debts in bankruptcy; that he had listed in his schedule the claim upon which said judgment was based; that the plaintiff in said cause No. 103369, and his attorneys, had notice and knowledge of the pendency of said bankruptcy proceedings and did not file a claim in the bankruptcy court. That notwithstanding his answer on file which was duly verified and which set out his discharge in full, a judgment was taken against him. Neither the appellant nor any of his attorneys were present at the trial.

"Appellant further alleged that as soon as he learned that judgment had been rendered against him, he filed a suit to set it aside, and further alleged that it was too late at that time to file a motion for a new trial.

"The appellee answered, and among other things, alleged that appellant had notice of the trial.

"This case was tried before a jury, and only one special issue was submitted to the jury, which was in effect whether or not appellant had notice of the setting of the case in which the judgment was rendered, and the jury found that he did have notice. Based upon the jury's finding, the appellant in this case was denied recovery, and has perfected his appeal."

From among the several propositions presenting from different viewpoints appellant's contention on the appeal that judgment should have gone for him because he was

conclusively shown herein, first, to have been given no such notice of the setting of cause No. 103,369 as the rules of that court entitled him to, and, second, to have then been discharged from this along with all his other debts in bankruptcy, these are selected and sustained:

[1] "First Proposition. Since the evidence in this case conclusively established that the rule of the court regarding setting of nonjury cases had not been complied with and that the only notice whatever claimed by appellee was a purported telephone conversation with appellant some three or four days prior to the date of trial, and since appellant had a meritorious defense to the cause of action in cause No. 103,369, wherein a judgment was rendered against him, in that he had been discharged from all of his debts in bankruptcy prior to the date of judgment, the trial court should have peremptorily instructed the jury to return a verdict in favor of appellant."

"Fourth Proposition. It being absolutely established that appellee and his attorneys had full knowledge and notice of the pendency of the bankruptcy proceedings and of the discharge being granted in bankruptcy prior to the date of judgment in cause No. 103369, and since appellant had filed an answer under oath setting up his discharge in bankruptcy, and since none of appellee's attorneys gave the attorneys for appellant any notice of the setting of the case, and since the rules of the court were not complied with, a legal fraud was committed upon appellant such as would require the judgment in cause No. 103369 to be set aside, and because of the existence of such facts, the court erred in not peremptorily instructing the jury to return a verdict in favor of appellant."

"Eighth Proposition. The evidence is wholly insufficient to sustain the verdict of the jury and the judgment of the court that appellant take nothing by this suit, since it is affirmatively shown that appellant was discharged from all of his debts in bankruptcy, and that the claim on which judgment in cause No. 103369 was based had been listed and scheduled as one of his debts, and since appellee and his attorneys had knowledge of such bankruptcy proceedings and the listing of such debt, since the rules of the court regarding the setting of non-jury cases had not been complied with, and since the only notice alleged was a telephone conversation by one of the defendants in said original cause some three or four days prior to the date of the trial, and since neither appellant nor any of his attorneys were present on the day of the trial, it is, therefore, conclusive that the evidence is wholly insufficient to sustain the verdict of the jury and judgment of the court."

The rule for the district courts of Harris county governing the setting of such a non-jury cause as was No. 103369 when it was tried therein beginning July 18, 1927, was:

"No written request will be required to secure a setting for a non-jury case, but a setting will be made either by agreement of both parties to try said cause on a day certain, or if the party desiring to try said cause is unable to secure such agreement, then on application with notice to opposing party it will be set arbitrarily by the presiding judge on a date sufficiently distant to allow opposing party to prepare said cause for trial," whereas the undisputed proof received at this trial shows that, although appellant had filed on October 13, 1923, and May 13, 1926, respectively, original and verified amended answers in No. 103369, the latter of which fully pleaded a copy of his prior discharge in bankruptcy from the debt thereafter adjudged against him in that cause on July 21 of 1927—appellee's attorneys having then had notice of such pendency of the bankrupt proceedings—neither appellee nor any of his attorneys furnished appellant or any of his attorneys any notice of the setting of the cause for trial, no application therefor was had, and no agreement for a setting had been made between the parties; all of substance that appears is this testimony from a Mr. Roberts, one of the codefendants with appellant in No. 103369, as to a long-distance telephone conversation he had with the latter on Thursday before the case had been called for trial on the following Monday:

"In that conversation I told Mr. Byrne that the case of Carter Stewart v. Houston Finance Corporation was set down for trial in Houston on the 18th day of July, 1927. That was on Thursday before the case was actually tried."

The court tried the case without a jury and rendered the adverse judgment therein on July 21, 1927; neither appellant nor any attorney for him having at any time during the trial been present.

It is likewise further shown, as the quoted propositions assert, not only that appellant's amended answer containing a verified copy of his discharge in bankruptcy on January 5 of 1926 from this debt had been filed in cause No. 103369 on May 13 of 1926 before the judgment notwithstanding against him therein of July 21 of 1927, of all which proceedings the appellee and his attorneys then had knowledge, but also that such debt had previously been duly scheduled in the bankruptcy proceedings and constituted a dischargeable obligation therein.

■■ This state of the record compels the conclusions: First, that the appealed from judgment in No. 103369 should be set aside because it affirmatively appears that appellant was improperly deprived of the benefit of a complete defense he then had to the cause of action underlying it; and, second,

that judgment should here be rendered in his favor thereon because of the showing now made that it had at that time been fully discharged in bankruptcy. , Supporting authorities for these respective determinations are, we think: First, Rules of District Court of Harris County, Texas; Kerby v. Hudson (Tex. Civ. App.) 13 S.W.(2d) 724; second, Boynton v. Ball, 121 U. S. 457, 7 S. Ct. 981, 30 L. Ed. 985; Valdosta Guano Company v. Green & Sutton, 149 Ga. 610, 101 S. E. 538; Kruegel v. Murphy & Bolanz (Tex. Civ. App.) 177 S. W. 1018; Braman v. Snider (C. C.) 21 F. 871; Dimock v. Revere Copper Company, 117 U. S. 559, 6 S. Ct. 855, 29 L. Ed. 994.

That the discharge in bankruptcy appellant had so pleaded in No. 103369 constituted on July 21, 1927, a meritorious defense to any further action against him in that cause is too well settled to call for discussion. Paggi v. Rose Mfg. Co. (Tex. Civ. App.) 259 S. W. 962. It seems to us equally clear that he was entitled as a matter of right to depend upon compliance by the court and opposing counsel with the quoted rule governing the setting of the case for trial; that is, either to an agreement with the opposing party "to try said cause on a day certain," or in its absence, to notice to himself of an application to the judge to set it arbitrarily far enough off to allow him to prepare it for trial, and that a mere long-distance telephone advice from a litigant on the same side with himself of its being set for trial less than four days in advance, one of which was Sunday, did not in any sense comply with the explicit notice thus plainly contemplated, there being at the same time no pretense of an existing agreement between the parties to try.

Further discussion is deemed unnecessary, as the stated facts, being undisputed, seem to us to require a reversal of the trial court's judgment and a rendition of the cause in appellant's favor; that order has been entered.

Reversed and rendered.