By the Court,

Cowen, J.
The single question is, whether the discharge, which was in virtue of the two-third insolvent act of 1813 (1 R. L. 460), was admissible in evidence under the general issue, without notice or plea, in an action brought since the revised statutes took effect. These require that the insolvent discharges under their own provisions shall be pleaded or given notice of with the general issue (2 R. S. 22 § 22). Not so the act of 1813. That act received the discharge on such issue without notice or plea; and if that be not repealed, the evidence was receivable within its express provisions (1 R. L. of 1813, p. 466 § 12). The 30th section of the revised act of 1830 (2 R. S. 22), declares it to be a revisal and continuation of the act of 1813. This was with the view of making the new act constitutionally operative upon contracts made intermediate the dates of the two acts. So far, therefore, and indeed in respect to all the provisions of the former act re-enacted in the new, the former can not be considered as repealed, but are continued. And so it would have been in regard to all the other provisions not re-enacted, had the revisors stopped with the new insolvent act. But then comes the general repealing statute of December 10th, 1828 (§ 1 No. 115 3 R. S. 133). That repeals so much of the act of 1813, and of all acts and parts of acts amending the same, as are not consolidated and re-enacted in the revised statutes. We have seen that the part conferring a right to give the discharge in evidence without plea or notice, has not been re-enacted. Of course, it being repealed, the judge erred at the circuit (see Sessions v. Phinney, 11 Johns. R. 162), and there must be a new trial, the costs to abide the event.
New trial granted.