## Case No. 4,722.

FELLOWS et al. v. HALL et al.

[3 McLean, 281.] [1]

Circuit Court, D. Michigan. Oct. Term, 1843.

Hand & Walker, for complainants.
Douglass & Walker, for defendants.

OPINION OF THE COURT. This is a creditor's bill. It was filed the 22d August, 1842. The 10th of October, a decree pro confesso was entered against the defendant Hall, and on the 10th of November ensuing, a decree pro confesso was entered against both of the defendants. Before the bill was filed, the defendant Hall applied to be declared a bankrupt; and on the 14th of September, 1842, he was declared a bankrupt, and an assignee was appointed. And a mo-

[1] [Reported by Hon. John McLean, Circuit Justice.]

tion is now made to set aside the proceedings in the chancery suit after that date. The facts on which the motion is founded are stated in an affidavit.

Formerly it was held that the bankruptcy of a party to a suit abated it, and Lord Eldon so decided in the case of Russell v. Sharp, 1 Ves. & B. 500. In Randall v. Mumford, 18 Ves. 424, his lordship said, "This court. however, without saying whether bankruptcy is or is not strictly an abatement, has said that, according to the course of practice of the court, the suit has become as defective as though it had abated." And in Monteith v. Taylor, 9 Ves. 615, he held, if a defendant becomes bankrupt or insolvent, the plaintiff brings the assignees before the court by a supplemental bill, and if he neglects to do so, and to prosecute the suit, the bankrupt defendant may move to dismiss the bill for want of prosecution. The plea of bankruptcy is not properly a plea in abatement. It is sometimes classed among pleas in abatement to the person, but it is rather a plea in bar. Story, Eq. Pl. § 726. Until this plea is interposed, the plaintiff is not bound to take notice of the bankruptcy of the defendant. He may indeed waive the defence, rather than draw in question the validity of the proceeding in bankruptcy. The 4th section of the bankrupt act [of 1841 (5 Stat. 443)] provides that a discharge and certificate, when duly granted, "shall be, and may be pleaded as a full and complete bar to all suits," &c. This is not a favored defence. It may be defeated if the discharge was fraudulently obtained. And we think it should be pleaded both at law and in equity, and cannot be taken advantage of by motion. Whether the bankrupt was guilty of fraud in obtaining his discharge, may be a question of great difficulty, involving, as questions of fraud frequently do, a great variety of facts, which should be submitted to a jury. If the discharge were obtained before the answer was filed, it should be set forth in the answer, or be made the subject matter of a plea. If after answer filed, then special leave should be given to the defendant, that he may plead it. But it seems that in this case the decree pro confesso was prematurely entered, as by the rules of court, the tenth of October was the first rule day on which a rule on the defendant to answer could be entered. The bill was filed the 22d August; no rule could be taken for answer on the first Monday of September, as twenty days had not elapsed from the filing of the bill. The first Monday in October was the first rule day on which the defendant could be required to answer. But on that day a decree pro confesso was entered against Hall. in violation of our rules of practice. On this ground, the decree against Hall may be set aside, and all subsequent proceedings.