REVERSED AND REMANDED.

---

## J. B. PARK AND ANOTHER v. M. CASEY, ADM'R.

1. When a discharge in bankruptcy had not been pleaded by defendants to a suit on a note, it was not error to overrule their motion for a new trial, sought by them for the purpose of pleading their discharge. The plea is not a privileged one, and it seems that even a default will not be opened in order to admit it. (The case of Manwarring v. Kouns, *ante* 171, cited with approval.)

2. A mere oral suggestion to the court that the defendants had been discharged in bankruptcy imposed on the court no obligation to take cognizance of that fact. They should have pleaded their discharge formally.

3. Injunction is the proper remedy against a judgment obtained by any trick or contrivance to avoid the effect of a discharge in bankruptcy.

ERROR from Rusk. Tried below before the Hon. J. B. Williamson.

The opinion and head-notes disclose the material facts. The suit was on a promissory note, and appellants set up that it was payable in Confederate money, etc., but failed to plead their discharge as bankrupts.

*Wm. Stedman,* for the plaintiffs in error.

*Martin Casey,* for himself.

WALKER, J.—A discharge in bankruptcy will avail the defendant nothing, either in law or equity, unless pleaded. (Fellows v. Hall, 3 McLean, 281 ; S. C., Ibid., 487.) These were cases decided under the bankrupt act of 1841, but are equally applicable to all similar questions arising under the act of March 2, 1867.

We might refer the decision of this case to the Manwarring cases decided at the present term of the court. The plea of bankruptcy is not a privileged plea, nor is it regarded with such favor, that under the rules of common law practice and pleading, a default would be opened to let in the plea.

But this is an appeal from the judgment of the court overruling a motion for a new trial, the object of which motion was to give the defendants an opportunity of pleading their discharge in bankruptcy. We think there was no error in overruling the motion.

The error complained of in the second assignment could not have occurred if ordinary diligence and care

had been exercised by the defendants. A mere oral suggestion by the defendants that they had been discharged as bankrupts imposed no obligation on the court to take any notice whatever of the fact. They should have set out their discharge in a written plea, placed upon the files. (See § 33, Bankrupt Law of March 2, 1867.)

The want of a statement of facts accompanying the record is somewhat embarrassing to the court in deciding this case, nor is there any bill of exceptions from which we can gather that the court below committed any breach of the rules of practice in the district court.

If there is anything unfair in the manner in which this judgment was obtained, amounting to a trick or contrivance to get rid of the effect of the discharge in bankruptcy, the proper remedy would be by injunction. (See Greenleaf v. Maher, 2 W. C. C. C., 44.)

The judgment of the district court must be affirmed.

AFFIRMED.