ALMON M. LANE vs. HENRY A. HOLCOMB & another.

.Plymouth. October 21, 1902. — January 5, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Practice, Civil,* Arrest of judgment. *Bankruptcy.*

Under Pub. Sts. c. 167, § 82, (R. L. c. 173, § 118,) providing that " a judgment shall not be arrested for a cause existing before the verdict, unless such cause affects the jurisdiction of the court," the plea of a discharge in bankruptcy granted before the action was brought cannot as a matter of right be filed for the first time after verdict.

. CONTRACT for work and labor. Writ dated April 20, 1900.

In the Superior Court the case was tried before *Hardy,* J. The judge ordered a verdict for the defendant Clark W. Holcomb. The jury returned a verdict for the plaintiff against the defendant Henry A. Holcomb in the sum of $565.61, and at the request of the parties the judge reported the case for determination by this court. If the rulings were correct the verdict was to stand; if the defendant Henry A. Holcomb was entitled to avail himself of his discharge in bankruptcy, under the circumstances which are stated in the opinion of the court, the verdict was to be reduced to the sum of $39.47.

*A. F. Barker,* for the plaintiff.

*H. M. Knowlton & A. E. Perry,* for the defendant Henry A. Holcomb.

KNOWLTON, C. J. On April 20, 1900, the plaintiff brought a suit to recover for work done and labor performed by the plaintiff for the defendant. On February 7, 1900, the defendant filed a petition in bankruptcy on which he was duly adjudicated a bankrupt. The plaintiff's claim was not included in the defendant's schedule of creditors in bankruptcy. The answer in this suit is a general denial. On March 27, 1900, the defendant obtained a discharge in bankruptcy from all claims which existed on February 7, 1900. A part of the plaintiff's claim was for services before and a part for services after that date. The case went to trial on the pleadings, and a verdict was rendered for the plaintiff on May 28, 1901. On June 17, 1901, the defendant filed a motion in arrest of judgment, setting up

his discharge in bankruptcy. Subsequently, on February 15, 1902, the defendant asked leave to file a plea in bar, setting up the same defence as to that part of the claim which accrued prior to February 7, 1900. The judge ruled that the defendant was not entitled to file a plea in bar as a matter of right, but in his discretion allowed it to be filed. The case subsequently came up for hearing on the motion in arrest of judgment, and on the plea in bar. Upon a decision of the court overruling the motion in arrest of judgment, and upon a ruling that the defendant had waived his right to plead his discharge in bankruptcy by not setting it up before the verdict, the case was reported to this court.

By the Pub. Sts. c. 167, § 82, (R. L. c. 173, § 118,) it is provided that a "judgment shall not be arrested for a cause existing before the verdict, unless such cause affects the jurisdiction of the court." A plea of a discharge in bankruptcy does not affect the jurisdiction of the court. It is an independent defence which, if established as pleaded, requires a decision for the defendant. In this respect it does not differ from a plea of payment. When a suit, properly brought, is pending in a State court, proceedings in bankruptcy introduce new conditions which may give the defendant a complete defence. But they leave the case to be disposed of by the State court in the exercise of its jurisdiction. *Dimock* v. *Revere Copper Co.* 117 U. S. 559, 565, and cases cited. *Boynton* v. *Ball*, 121 U. S. 457. The motion in arrest of judgment was rightly overruled. The cause relied on, namely, the discharge, existed before the verdict, and could have been availed of at the trial by pleading it. This provision of the statute is intended to promote diligence, and to relieve parties from the expense and annoyance of repeated trials in regard to matters which ought to be finally settled at a single trial.

The judge ruled that the defendant could not file a plea in bar as a matter of right. We understand that, in allowing the plea to be filed as a matter of discretion, he did not decide whether the defendant should be allowed the benefit of it as if it had been seasonably filed, but only permitted him to put it upon the files, reserving for further consideration the question how far the defendant should be allowed to avail himself of it. There were no further pleadings founded on the plea in bar, and at the hearing the ruling that "the defendant had waived his

right to plead his discharge in bankruptcy by not claiming the benefit of the same before verdict" was virtually a ruling that the defendant had lost his right to plead it, and that the court would not exercise its discretion to give him the benefit of it at that time. On this part of the case, therefore, the question is not what action should be taken in view of the plea in bar if the court in its discretion gave the defendant the benefit of it as if it were seasonably presented, but whether the defendant was entitled to plead it and have the benefit of it as of right.

It is plain that a discharge in bankruptcy can only be availed of by properly pleading it. Collier, Bankruptcy, (3d ed.) 188, 209. *Ackerman* v. *Van Houten*, 5 Halst. 332. *Spencer* v. *Beebe*, 17 Wend. 557. *Anderson* v. *Goff*, 72 Cal. 65. It is provided in the Pub. Sts. c. 167, § 20, (R. L. c. 173, § 27,) that "The answer shall set forth in clear and precise terms each substantive fact intended to be relied upon in avoidance of the action," etc. In the present case the discharge was granted before the suit was brought. The defendant, in making up his schedule, did not treat the plaintiff as one of his creditors. When the time came for filing his answer he made no reference to his discharge in bankruptcy, but went to trial, in May, 1901, fourteen months after the discharge was granted, without setting it up. He first brought it to the attention of the plaintiff and the court by his motion in arrest of judgment, filed nearly three weeks after the verdict, and he did not attempt to plead it in bar until he asked leave to file the plea, nearly seven months after the verdict. The judge rightly ruled that the defendant was guilty of such disregard of the statute in reference to pleading and of his duty to the plaintiff, as to amount in law to a waiver of his right to plead his discharge as a bar nearly nine months after the suit had gone through all its ordinary stages and the plaintiff had been put to the trouble and expense of a trial upon the merits. The case shows no excuse for the defendant's conduct, and the ordinary inference is that, knowing all about his discharge as a defence, he chose not to rely upon it. For some reason, about three weeks after the verdict, he determined to plead it. This was too late, in the absence of any satisfactory explanation which might have induced the court to exercise its discretion in his favor.

*Judgment on the verdict.*