## WILLIAM HIRSH *vs.* DANIEL B. BEARD.

Suffolk.     November 17, 1908. — January 7, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil*, Amendment. *Bankruptcy.*

It is within the discretion of the judge before whom a case has been tried to refuse to allow the defendant to amend his answer after a verdict has been returned for the plaintiff by setting up the defendant's discharge in bankruptcy granted while the case was pending.

CONTRACT for $105.84 had and received to the plaintiff's use. Writ in the Municipal Court of the City of Boston dated July 17, 1906.

The defendant filed an answer containing a general denial and an allegation of payment and also filed a declaration in set-off claiming $151.31 according to an account annexed.

On appeal to the Superior Court the case was tried before *Richardson*, J., on February 21, 1908, on which day the jury returned a verdict for the plaintiff in the sum of $81.61. On March 2, 1908, the defendant filed a suggestion of bankruptcy, alleging that on December 20, 1906, the defendant was adjudicated a bankrupt in the District Court of the United States for the District of Massachusetts under the provisions of the bankruptcy act of 1898, and acts in amendment thereto, and that on July 9, 1907, he was discharged from all debts and claims, in-

cluding the plaintiff's claim against the defendant, which were provable against his estate in bankruptcy, the plaintiff having had full knowledge of the bankruptcy, and moving that the action might be continued for judgment.

On March 3, 1908, the defendant filed a motion to amend his answer by adding thereto the following: " And further answering, the defendant says that since said action was commenced, to wit, on the 20th day of December, 1906, he was duly adjudicated a bankrupt in the District Court of the United States for the District of Massachusetts, and that thereafter, on the 9th day of July, 1906, he was duly discharged from all debts, including the plaintiff's, which were provable against his estate."   On March 30, 1908, the judge denied the motion to amend.

On March 31, 1908, the plaintiff moved that judgment be entered for the plaintiff in the sum of $81.61 in accordance with the verdict.   On April 7, 1908, the judge filed the following memorandum of decision:

" At the hearing on April 6, 1908, on the motion of the plaintiff for judgment on the verdict (rendered February 21, 1908), it appeared that no suggestion was made to the court of the defendant's bankruptcy proceedings until March 2, 1908, which was after the verdict of the jury (February 21, 1908), though in the defendant's suggestion of bankruptcy it is alleged that the discharge had been granted on July 9, 1907, — see 182 Mass. 360.   It did not appear at the hearing that the discharge would have been a bar to the action if it had been pleaded.

" Motion for judgment allowed."

The defendant appealed from the order denying the defendant's motion to be allowed to file a supplemental answer and from the order allowing the plaintiff's motion for the entry of judgment.

*D. B. Beard,* (*H. A. Eyges* with him,) for the defendant.

*W. Hirsh, pro se.*

HAMMOND, J.   All the material questions raised in this case are settled in *Lane* v. *Holcomb,* 182 Mass. 360.   The fact that there was a declaration in set-off is immaterial.   It was within the discretion of the court to allow or disallow the motion to amend the answer.   And the order for judgment was correct.

*Judgment affirmed with double costs.*