FRANK HERSCHMAN *vs.* JUSTICES OF THE MUNICIPAL COURT OF
THE CITY OF BOSTON.

ABRAHAM FEINBERG'S CASE.

Suffolk.   December 3, 1914. — January 11, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Bankruptcy.   Pleading,* Answer.   *Review.   Equity Jurisdiction,* To enjoin enforcement of judgment obtained by fraud.

A discharge in bankruptcy cannot be taken advantage of as a defence to an action of contract unless it is pleaded.

If during the trial of an action of contract against a bankrupt on a debt provable in bankruptcy, in which the defendant has failed to set up his discharge in bankruptcy which would have been a defence if pleaded, his counsel without his knowledge withdraws from the case and judgment by default is entered against him and execution issues, whereupon the judgment creditor applies under R. L. c. 168 and amendments thereof for a certificate authorizing the arrest of the bankrupt, these circumstances do not relieve the bankrupt from the consequence of failing to set up his discharge in bankruptcy as a defence to the action, and the judgment may be enforced against him by arrest.

Where the counsel for a bankrupt, after having appeared to defend an action of contract against the bankrupt, withdrew from the case without the defendant's knowledge and did not set up the defence of the defendant's discharge in bankruptcy, by reason of which the defendant without his knowledge was defaulted and afterwards was arrested on execution, *whether* the bankrupt, upon discovering what had happened in the case, could have had the judgment against him vacated upon a petition for review under R. L. c. 193, §§ 22–37, and then could have pleaded his discharge in bankruptcy, here was referred to as a question that was not passed upon; and the further question, *whether,* if the bankrupt could show that the judgment against him had been obtained fraudulently, a court of equity would enjoin the judgment creditor from attempting to enforce it, also was referred to as not passed upon.

PETITION, filed on March 10, 1914, for a writ of prohibition addressed to the justices of the Municipal Court of the City of Boston, prohibiting and enjoining them from issuing a certificate authorizing the arrest of the petitioner Herschman upon an execution obtained by the State Bank of New York in an action on two promissory notes indorsed by that petitioner, which were provable against him in bankruptcy proceedings in which the petitioner had obtained a discharge that was alleged to be a bar to the claim against him; and a

PETITION, filed on October 7, 1914, for a writ of *habeas corpus*, alleging that the petitioner Feinberg unlawfully was deprived of his liberty by the sheriff of Suffolk County upon a civil process issued by the Municipal Court of the City of Boston in poor debtor proceedings instituted by the State Bank of New York as the holder of an execution in an action upon two promissory notes indorsed by that petitioner, which were provable against him in bankruptcy proceedings in which the petitioner had obtained a discharge that was alleged to be a bar to the claim against him.

The first case, on the petition for a writ of prohibition, was reserved by *De Courcy,* J., upon the petition and answer and an agreed statement of facts that set forth the findings of the justice, for determination by the full court.

The second case, on the petition of a writ of *habeas corpus*, was reserved by *Hammond,* J., upon the petition and an agreed statement of facts for determination by the full court.

The facts as shown by the agreements in both cases were as follows:

On May 15, 1908, an involuntary petition in bankruptcy was filed against Feinberg. On June 2, 1908, Feinberg was adjudicated a bankrupt. The State Bank of New York was a creditor of the bankrupt Feinberg, was scheduled as such, had notice of the bankruptcy proceedings and took part therein. Some time between Feinberg's adjudication and July 13, 1909, Feinberg made an offer of composition in the bankruptcy proceedings.

On September 16, 1908, the State Bank of New York brought an action in the Superior Court for the county of Suffolk against both Feinberg and Herschman to recover upon two promissory notes. The declaration was in two counts and contained an allegation that both counts were for the same cause of action. The notes thus declared on then had not been and never thereafter were proved in any bankruptcy proceedings. Counsel representing both Feinberg and Herschman entered an appearance for them in the action at law and on October 14, 1908, filed an answer, and continued to act therein until the withdrawal of their appearance as stated below.

On December 23, 1908, an involuntary petition in bankruptcy was filed against Herschman. On January 18, 1909, Herschman was adjudicated a bankrupt. The State Bank of New York had

notice of the bankruptcy proceedings against Herschman and appeared and participated therein, but did not prove therein the notes on which the action then was pending against Feinberg and Herschman.

On July 13, 1909, the composition offer previously made by Feinberg in the bankruptcy proceedings against him was confirmed. On July 6, 1910, a composition offer previously made by Herschman in the bankruptcy proceedings against him was confirmed. On October, 13, 1911, the counsel who had appeared in the action at law for Feinberg and Herschman withdrew their appearance. Neither Feinberg nor Herschman had any actual knowledge of this withdrawal of counsel. On October 17, 1911, Feinberg and Herschman were defaulted in the action at law. Neither Feinberg nor Herschman had any actual knowledge of this default.

In April, 1912, the State Bank of New York made a motion in the action at law to amend its declaration by striking out the allegation that both counts were for the same cause of action. This motion was allowed *ex parte* as of November 6, 1911, and judgment was entered as of November 6, 1911, on the notes against Feinberg and Herschman. Neither Feinberg nor Herschman had any actual knowledge of the motion to amend, nor of the judgment, until the commencement of the poor debtor proceedings mentioned below.

Subsequently execution issued on the judgment against Feinberg and Herschman. At no time from the commencement of the action at law until the entry of the judgment and the issuing of the execution did either Feinberg or Herschman make any plea or suggestion of bankruptcy or of their discharges in bankruptcy.

On July 31, 1913, the State Bank of New York made an application to the Municipal Court of the City of Boston under the provisions of R. L. c. 168 and acts amendatory thereof and supplementary thereto for a certificate authorizing the arrest of Feinberg and Herschman on an execution issued on the judgment.

Herschman, by a motion in writing, presented to the Municipal Court of the City of Boston substantially all the facts set forth in his present petition, and asked that court to dismiss the poor debtor proceedings against him. After hearing, the Municipal Court refused to dismiss the poor debtor proceedings on

Herschman's motion and ordered Herschman to submit to an examination.

On September 4, 1914, Feinberg was defaulted in the poor debtor proceedings; a certificate of arrest issued, and Feinberg subsequently was arrested thereon.

The case was argued at the bar in December, 1914, before *Rugg,* C. J., *Braley, Sheldon, De Courcy, & Crosby,* JJ., and afterwards was submitted on briefs to all the justices then constituting the court.

*C. F. Eldredge,* for the petitioner in the first case.

*M. M. Horblitt,* (*J. Wasserman* with him,) for the petitioner in the second case.

*T. H. Bilodeau,* (*John Wentworth* with him,) for the respondents and for the State Bank of New York, which had been given permission by the court to file a brief.

BRALEY, J. The petitioners, having effected a composition with their creditors, were released from all provable debts. Bankruptcy act, 1898, § 1 (12), §§ 12, 14, as amended by the U. S. Sts. of February 5, 1903, c. 487, and June 25, 1910, c. 412. *Turner* v. *Hudson,* 105 Maine, 476. The creditor at whose instigation they are being prosecuted as poor debtors under R. L. c. 168, although scheduled and notified of the proceedings in which it participated, did not prove the notes on which it has obtained judgment in an action begun after adjudication. The petitioners retained counsel, who duly appeared of record, but after the composition had been effected withdrew their appearance, and upon default judgment, after the lapse of several months, was entered as of the date of default, and execution issued. It appears that neither petitioner had actual notice of the withdrawal or of the default or of the entry of judgment and issuance of execution until after the proceedings for their arrest were begun. While conceding, that as the notes were provable debts, further proceedings would have been stayed, if the discharge had been pleaded, the respondents contend that, if before verdict or default a discharge is obtained, failure to plead it is a waiver of the defence.

The petitioners, who upon the conceded facts were not negligent, and who were unrepresented, urge that a failure to plead a certificate of discharge before judgment is, under the circumstances, excusable in equity and it now may be set up. Or that under the

provisions of § 9 a that "a bankrupt shall be exempt from arrest upon civil process except in the following cases: (1) When issued from a court of bankruptcy for contempt or disobedience of its lawful orders; (2) When issued from a State court having jurisdiction, and served within such State, upon a debt or claim from which his discharge in bankruptcy would not be a release, and in such case he shall be exempt from such arrest when in attendance upon a court of bankruptcy or engaged in the performance of a duty imposed by this act," they are immune from arrest.

But this section very plainly refers only to the period covered by the pendency of the bankruptcy proceedings, during which jurisdiction is conferred on the bankruptcy court to protect the bankrupt from arrest on a provable debt until a discharge has been granted or refused. *Wagner* v. *United States,* 104 Fed. Rep. 133. *In re Marcus,* 104 Fed. Rep. 331. *In re Fife,* 109 Fed. Rep. 880. *People* v. *Erlanger,* 132 Fed. Rep. 883. *In re Adler,* 144 Fed. Rep. 659. *United States* v. *Peters,* 166 Fed. Rep. 613. *Turgeon* v. *Bean,* 109 Maine, 189.

A discharge in bankruptcy, like the statute of limitations or the statute of frauds or a release under seal, to be effective must be pleaded. If at the time of adjudication or afterwards the bankrupt is sued on a provable debt, his sole remedy is to obtain a continuance, if necessary, and plead his discharge, and where this is done all further proceedings are stayed. *Dimock* v. *Revere Copper Co.* 117 U. S. 559. *Boynton* v. *Ball,* 121 U. S. 457.

It accordingly must be held that, as the court had jurisdiction of the cause of action and of the parties and the petitioners did not interpose this defence, the judgment is not open to collateral attack, and may be enforced by arrest as well as by levy upon their goods, chattels or lands. *Dimock* v. *Revere Copper Co.* 117 U. S. 559. *Lane* v. *Holcomb,* 182 Mass. 360. *Hirsh* v. *Beard,* 200 Mass. 569.

If the provisions of our insolvency laws, that where the debtor obtains his discharge he is forever therefore exempt from arrest or imprisonment on account of any debt or demand provable against his estate, also had enumerated bankrupts, or if we had a statute providing that, if at any time after a year had elapsed since a bankrupt was discharged from his debts he might apply upon proof of his discharge for an order directing the judgment to be

cancelled of record, a different question would be presented. R. L. c. 163, § 95. *Walker* v. *Muir*, 194 N. Y. 420.

Nor are we called upon to determine whether the petitioners, upon discovery of what had been done, could have had the judgment vacated by a petition for review under R. L. c. 193, §§ 22–35, and then have pleaded their discharge, or whether, if the judgment had been obtained fraudulently, a court of equity would permanently enjoin the judgment creditor from attempting to enforce it. *Brooks* v. *Twitchell*, 182 Mass. 443. Freeman on Judgments (4th ed.) § 489, note 3. 23 Cyc. 991, note 44. *Starr* v. *Heckart*, 32 Md. 267. *Manwarring* v. *Kouns*, 35 Texas, 171. *Park* v. *Casey*, 35 Texas, 536.

The petition in each case must be dismissed for the reasons stated.

*So ordered.*