**In the Matter of GUIDING LIGHT CORPORATION d/b/a The Vision of Hope Clinic, Debtor**

**GUIDING LIGHT CORPORATION d/b/a The Vision of Hope Clinic, Plaintiff**

**v.**

**STATE OF LOUISIANA, through the DEPARTMENT OF HEALTH & HOSPITALS, Defendant.**

Bankruptcy No. 97–11082.
Adversary No. 97–1049.

United States Bankruptcy Court,
E.D. Louisiana.

Sept. 26, 1997.

Michael A. Crawford, Breazeale, Sachse & Wilson, Baton Rouge, LA, for debtor.

Joseph Kopsa, Baton Rouge, LA, for defendant.

### MEMORANDUM OPINION

JERRY A. BROWN, Bankruptcy Judge.

This matter comes before the court on: (I) the motion of the State of Louisiana through the Department of Health & Hospitals ("LDHH") to dismiss complaint for lack of subject matter jurisdiction (Pl.8); (2) the motion of LDHH and Bobby P. Jindal in his capacity as Secretary of the LDHH ("Jin-

dal") to dismiss amended complaint for lack of subject matter jurisdiction (Pl.21); and (3) the motion of LDHH and Jindal to dismiss amended complaint for failure to state a claim (Pl.26). The issues to be determined are: (I) whether the LDHH is immune from suit under the Eleventh Amendment to the United States Constitution; and (2) whether the *Ex parte Young* exception to suits against state officials is applicable to the suit brought against Jindal.[1]

### BACKGROUND

The debtor, Guiding Light Corporation d/b/a The Vision of Hope Clinic ("Guiding Light"), is a Medicaid provider under Louisiana's Medical Assistance Program (Medicaid). LDHH has conducted postpayment review of Guiding Light billing practices, and as a result, has temporarily withheld payments to Guiding Light.

Guiding Light filed its petition for Chapter 11 protection and the pending adversary proceeding on February 28, 1997. LDHH has not filed a proof of claim or otherwise taken any actions that might constitute a waiver of its Eleventh Amendment immunity.

The adversary complaint seeks: (1) declaratory relief that the funds held by LDHH constitute property of the estate under 11 U.S.C. § 541; and (2) immediate turnover of estate property under 11 U.S.C. § 542 so that a plan of reorganization may be implemented in accordance with 11 U.S.C. § 1123(a)(5).

LDHH's first motion to dismiss for lack of jurisdiction sought dismissal of the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as adopted by Rule 7012 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), on the grounds that LDHH is immune from suit in this court under the Eleventh Amendment to the United States Constitution. Guiding Light opposed LDHH's motion to dismiss on a number of grounds, and sought leave to amend its complaint to add Jindal as a defendant. The court heard oral argument on the

---

1. This memorandum opinion constitutes the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

first motion to dismiss on April 30, 1997, and continued the motion until June 9, 1997, in order to give Guiding Light time to file an amended complaint.

Guiding Light filed its amended complaint on May 8, 1997. The amended complaint added Jindal as a defendant, reurged the original two counts, and asserted a third count seeking prospective injunctive relief against Jindal. Specifically, the amended complaint prays for a judgment:

I. Of declaratory relief that the withheld claim payments constitute property of the bankruptcy estate and that [Jindal] is exercising control of said property in violation of the automatic stay;

II. Requiring immediate turnover of estate property under section 542 of the Bankruptcy Code so that a plan of reorganization may be implemented in accordance with 11 U.S.C. § 1123(a)(5); and

III. Prospectively enjoining [Jindal] and any of his officers or employees at LDHH during the pendency of the bankruptcy from exercising control over the previously withheld claim payments or any future payments otherwise properly payable in violation of 11 U.S.C. § 362(a)(3).

(Pl. 19, Amended Complaint at 3).

LDHH filed a second motion to dismiss the amended complaint on basically the same grounds as the first motion. LDHH's third motion to dismiss asserts that the amended complaint fails to state a cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as adopted by Rule 7012 of the Bankruptcy Rules.

The court took all three motions under advisement at the hearing held on June 9, 1997.

### ANALYSIS

#### A. Eleventh Amendment and Sovereign Immunity

■ Subsequent to oral argument, the Fifth Circuit interpreted the Supreme Court case of *Seminole Tribe of Florida v. Florida*, — U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), and determined that neither the Bankruptcy Clause of the United States Constitution, nor Section 5 of the Fourteenth Amendment, authorized Congress to abrogate state sovereign immunity. *In re Fernandez*, 123 F.3d 241 (5th Cir. 1997). *Fernandez* held unconstitutional Section 106(a) of the Bankruptcy Code, providing for the abrogation of state sovereign immunity under the Eleventh Amendment.

The debtor does not dispute that the LDHH is the alter ego for the State of Louisiana or that the LDHH has not waived its right to claim sovereign immunity in this case. Accordingly, the *Fernandez* decision resolves the issues as to the LDHH. The motion to dismiss must be granted as to the LDHH because this court does not have jurisdiction over the LDHH, the alter ego for the State of Louisiana.

#### B. The Young Exception as applied to Jindal

■ The issues as to defendant Jindal, however, require a more detailed analysis.

Guiding Light contends that it may proceed against Jindal under the doctrine set forth in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), commonly referred to as the "*Young* exception".

LDHH argues that the *Young* exception is not applicable because it requires that the state official at issue must have acted without the authority of the state, and Jindal is operating under the color of both federal and Louisiana law in the performance of his official duties.

In *Ex parte Young, supra*, the Supreme Court held that federal jurisdiction existed over a suit against a state official, where the state itself could not be sued in federal court, when the suit sought only prospective injunctive relief in order to end a continuing violation of federal law. In *Seminole*, the Supreme Court reaffirmed the continuing vitality of this rule. *Seminole*, — U.S. at ——, 116 S.Ct. at 1132.

The issue of whether a state official may be sued under the *Young* exception for the alleged violation of the Bankruptcy Code is of great significance following the holdings in

Fernandez and other courts that Section 106(a) of the Bankruptcy Code is unconstitutional. *See Fernandez,* 123 F.3d at 244 (citing cases holding that the Bankruptcy Clause does not enable Congress to unilaterally abrogate state sovereign immunity). The issue is an evolving area of the law in which few published decisions give any guidance.

The court will first address LDHH's argument that the *Young* exception is not applicable because it requires that the state official must have been acting without the authority of the state.

■ The LDHH's position is simply incorrect. It is well established that the federal courts have jurisdiction to hear suits against state officials where the plaintiffs seek only prospective declaratory or injunctive relief to prevent a continuing violation of federal law. *Seminole,* —— U.S. at ——, 116 S.Ct. at 1132; *CIGNA Healthplan of Louisiana, Inc. v. State of Louisiana ex rel. Ieyoub,* 82 F.3d 642, 645 n. 1 (5th Cir.1996). *See also* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure 2d* § 3524 at 341 (2d ed. 1984) (The Eleventh Amendment is no bar to suits seeking prospective relief against state officers who allegedly have violated either federal statutes or the Constitution of the United States).

Guiding Light's amended complaint requests prospective relief against Jindal for his continued violation of Sections 542 and 362 of the Bankruptcy Code. The Bankruptcy Code is, of course, a federal law.

In *Seminole,* the Supreme Court found that the *Young* exception was not available to the plaintiff to enforce its claimed rights under the Indian Gaming Regulatory Act, 25 U.S.C. § 2710, because the Indian Gaming Regulatory Act contained a detailed remedial scheme for its enforcement. The Supreme Court held:

> where Congress has prescribed a detailed remedial scheme for the enforcement against a State of a statutorily created right, a court should hesitate before casting aside those limitations and permitting

an action against a state officer based upon *Ex parte Young.*

*Seminole,* —— U.S. at ——, 116 S.Ct. at 1132.

■ Unlike the Indian Gaming Regulatory Act, the Bankruptcy Code does not contain a detailed remedial scheme for enforcement against states. Accordingly, this court concludes that Guiding Light may bring an action under *Ex parte Young* for enforcement of provisions under the Bankruptcy Code. *See also In re Lazar,* 200 B.R. 358, 382–83 (Bankr.C.D.Cal.1996)(Holding that the trustee could bring an action against a state official under *Ex parte Young,* but that under the facts such an action was not necessary because the state had waived its sovereign immunity defense); *In re Zywiczynski,* 210 B.R. 924 (Bankr.W.D.N.Y.1997) (Statutory command under Bankruptcy Code that one in possession of state property turn over such property to the trustee, implicates the doctrine of *Ex parte Young* whenever a state officer refuses to obey a turnover command).

The LDHH argues that the action taken by Jindal is "specifically authorized by federal law". The LDHH is referring to provisions of federal regulations that authorize state agencies to withhold payments to Medicaid providers during the period that the state Medicaid agency is investigating the possibility of fraud or abuse by a provider. *See* 42 CFR § .455.23.

This argument goes to the merits of the case. A determination of whether Guiding Light is entitled to the claimed relief is not relevant to the issue of whether the case should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Guiding Light has properly alleged a claim against Jindal under the *Young* exception.

For these reasons, LDHH's motion to dismiss the amended complaint pursuant to Rule 12(b)(1) must be denied as it relates to Jindal.

### C. *LDHH's 12(b)(6) motion to dismiss*

The portion of the defendants' 12(b)(6) motion to dismiss that relates to the LDHH is moot because the court dismissed the LDHH for lack of subject matter jurisdiction. The motion as it relates to Jindal argues that

Guiding Light's claim for denial of due process must be brought under Section 1983, and that Jindal is not a "person" under Section 1983. Guiding Light, however, did not make a Section 1983 claim against Jindal, and did not assert that Jindal's actions in withholding the funds constituted a violation of due process. Accordingly, LDHH's 12(b)(6) motion to dismiss must be **DENIED.**

### D. *Conclusion*

For the foregoing reasons, the court finds that the *Fernandez* decision dictates that the motions of the LDHH to dismiss complaint and amended complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure must be granted as to the State of Louisiana. The motions to dismiss under Rule 12(b)(1) will be denied as to Jindal because Guiding Light may bring an action against Jindal for prospective injunctive relief in order to end a continuing violation of federal law in accordance with *Ex parte Young.* LDHH's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will be denied. An order will be entered in accordance with this memorandum opinion.

### ORDER

For the reasons assigned in the foregoing memorandum opinion issued this date, accordingly,

**IT IS ORDERED** that the motion of the State of Louisiana through the Department of Health & Hospitals ("LDHH") to dismiss complaint for lack of subject matter jurisdiction; and the motion of the LDHH and Bobby P. Jindal ("Jindal") to dismiss amended complaint for lack of subject matter jurisdiction are **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motions are **GRANTED** with respect to the State of Louisiana; the State of Louisiana is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the motion is **DENIED** with respect to defendant, Jindal, and that the plaintiff may proceed against Jindal for prospective injunctive/declaratory relief in accordance with *Ex parte Young.*

**IT IS FURTHER ORDERED** that the motion of the LDHH and Jindal to dismiss amended complaint for failure to state a claim under Rule 12(b)(6) is **DENIED.**

**IT IS FURTHER ORDERED** that Bobby P. Jindal shall file an answer to the amended complaint within 15 days of entry of this order.