**In re James M. NEARY, Carol M. Neary, Debtors.**

**James M. NEARY, Carol M. Neary, Plaintiffs,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF REVENUE, Defendant.**

**and**

**Gloria Satriale, Chapter 7 Trustee, Defendant.**

**Bankruptcy No. 97–19105. Adversary No. 97–1097.**

United States Bankruptcy Court, E.D. Pennsylvania, Philadelphia Division.

May 13, 1998.

Arnold Barnabei, Pennsylvania Department of Revenue, Harrisburg, PA,

Richard H. Anderson, Media, PA.

Gloria Satriale, Chester Springs, PA.

**OPINION**

STEPHEN RASLAVICH, Bankruptcy Judge.

*Introduction*

Before the Court is a motion filed by the Pennsylvania Department of Revenue (the "Department of Revenue") to dismiss the instant adversary proceeding on grounds that it, as a governmental unit of the Commonwealth of Pennsylvania (the "Commonwealth"), is immune from suit in the bankruptcy court by virtue of the Eleventh Amendment to the United States Constitution. After the conclusion of a hearing on March 9, 1998, the Court took the matter under advisement. For the reasons which are stated more fully in the following discussion, the Department of Revenue's motion is granted, and the instant adversary proceeding is dismissed. Such dismissal, however, is without prejudice.

## JURISDICTION

■ The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §§ 157(a), 157(b)(1) and (b)(2)(A), (I) and (O).[1]

## BACKGROUND

The key facts relevant to the instant proceeding are not in dispute. On July 29, 1997 debtors James and Carol Neary (the "Debtors"), husband and wife, filed a joint petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Code"). 11 U.S.C. §§ 101–1330. On Schedule F of their petition, the Debtors listed a joint debt owed to the Department of Revenue in the amount of $2,200. The foregoing debt was listed as disputed. Although the Department of Revenue did not file a proof of claim in the case,[2] it does not appear to be disputed that it

1. The Court also has inherent authority to determine the extent of its jurisdiction over both the subject matter and the parties involved in the instant proceeding. *See, e.g., In re Thomas*, 203 B.R. 64, 65 (Bankr.E.D.Tex.1996); *In re Confidential Investigative Consultants, Inc.*, 178 B.R. 739, 744 (Bankr.N.D.Ill.1995); *Matter of Youngstown Steel Tank Co.*, 27 B.R. 596, 598 (W.D.Pa. 1983).

2. The Court notes that the notice advising creditors of the commencement of the Debtor's bankruptcy case, and of the Code § 341 meeting of creditors, stated that as of the date of such notice there did not appear to be any assets available for distribution to creditors. The notice also instructed creditors to refrain from filing proofs of claim in the case until being specifically instructed to do so. The Docket in this case does not reflect the issuance of a supplemental notice advising creditors to file proofs of claim.

issued an assessment of the Debtors' prepetition tax liability after the petition was filed. It also does not appear to be disputed that the Office of the Attorney General, Financial Enforcement Section, another governmental unit of the unit of the Commonwealth, sent several letters to the Debtors demanding payment of such debt.[3]

On October 31, 1997 the Debtors filed a complaint commencing the instant adversary proceeding. Named as defendants in the complaint are the Department of Revenue and the Chapter 7 trustee, Gloria Satriale. By means of the instant litigation, the Debtors seek to obtain a determination of the dischargeability of the taxes they owe to the Commonwealth under Code § 523(a)(1). On December 3, 1997, the Department of Revenue filed the instant motion to dismiss the adversary proceeding on grounds that it neither consented to a suit by the Debtors (citizens of the Commonwealth) in the bankruptcy court, nor waived its immunity from such a suit under the Eleventh Amendment. Additionally, relying on the decision of the Unites States Supreme Court in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), and the decision of the Third Circuit Court of Appeals in *In re Sacred Heart Hospital of Norristown*, 133 F.3d 237 (3d Cir.1998), the Department of Revenue argued that Code

§ 106(a) is unconstitutional and cannot, therefore, be relied upon as a means of abrogating its sovereign immunity.[4]

The Debtors raise two arguments in response to the Department of Revenue's motion. First, the Debtor's argue that the Fourteenth Amendment permits them to proceed with their suit in this Court notwithstanding the Department of Revenue's assertion of sovereign immunity. In support of this argument the Debtors contend that the protections afforded debtors under the Bankruptcy Code, e.g., the automatic stay, Code § 362(a); and the bankruptcy discharge, Code § 727(a), constitute "privileges or immunities" of national citizenship which, pursuant to the Fourteenth Amendment, may not be abridged by the states or their political subdivisions. The Debtors contend that the Department of Revenue's actions in issuing an assessment of prepetition tax liability, and the Financial Enforcement Section's actions in making written demands for the payment of such debt, violated the automatic stay. The Debtors argue that such conduct amounts to a denial of a federal right which, pursuant to the Fourteenth Amendment, can be vindicated in an action brought in this Court notwithstanding an assertion of sovereign immunity. The Debtors posit that their federal rights can be vindicated in the instant

---

**3.** The Court pauses to note that the communications the Debtors received from both the Department of Revenue and the Financial Enforcement Section differ greatly as to the amount allegedly owed by the Debtors. For instance, while the notice of tax assessment, attached as Exhibit B to the Debtor's request for admissions, lists a total amount due in the amount of $4,392.36, the letters from the Financial Enforcement Section (not named as a defendant herein), *id.*, at Exhibits C and D, state that the amount due is $24,069.66. The resolution of this discrepancy, however, is not presently before the Court.

**4.** Code § 106 (Waiver of sovereign immunity) states, in pertinent part:

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:

(1) Sections ..., 106, ..., 362, ..., 523, ... of this title.

(2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.

(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.

(4) The enforcement of any such order, process, or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such governmental unit and, in the case of a money judgment against the United States, shall be paid as if it is a judgment rendered by a district court of the United States.

(5) Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law.

proceeding by a determination that the debt the Department of Revenue seeks to be collect is dischargeable under Code § 523(a)(1).

Alternatively, the Debtors argue that this Court must hear the complaint because there is no available state forum in which its Code § 523(a)(1) can be heard. The Debtors explain that the Pennsylvania legislature, although providing a waiver of sovereign immunity as to certain actions against the Commonwealth and its political subdivisions in 42 Pa.C.S.A. § 8522, has not authorized suits against the Commonwealth of the nature involved here. The Debtors contend, therefore, that if this Court does not hear their complaint, they will be unable to prevent future violations of the automatic stay or obtain a determination of the dischargeability of the debt which the Department of Revenue seeks to collect.

## DISCUSSION

The Debtors' first argument—essentially, that bankruptcy constitutes a "privilege or immunity" of national citizenship within the meaning of the Fourteenth Amendment[5]—gives the Court only brief pause. Speaking on this very issue in *In re Sacred Heart Hosp. of Norristown*, the Third Circuit Court of Appeals unequivocally stated: "we ... reject ... [the] contention that

bankruptcy constitutes a 'privilege or immunity' under section I of the Fourteenth Amendment, thereby enabling Congress to utilize section 5 of the Fourteenth Amendment to abrogate Eleventh Amendment immunity." 133 F.3d at 244; *accord In re Morrell*, 218 B.R. 87 (Bankr.C.D.Cal.1997); *In re Kish*, 212 B.R. 808, 817 (D.N.J.1997); *In re NVR, L.P.*, 206 B.R. 831, 840–43 (Bankr.E.D.Va.1997); *see also United States v. Kras*, 409 U.S. 434, 446, 93 S.Ct. 631, 638, 34 L.Ed.2d 626 (1973) ("there is no constitutional right to obtain discharge of one's debts in bankruptcy."). Additionally, the Debtors' citation to *Dimock v. Revere Copper Co.*, 117 U.S. 559, 6 S.Ct. 855, 29 L.Ed. 994 (1886), for the proposition that a bankruptcy discharge constitutes a "privilege or immunity" of national citizenship is without merit, as a reading of the *Dimock* case simply does not bear this contention out. It appears, therefore, that the Debtor's argument that the Fourteenth Amendment abrogates the Department of Revenue's Eleventh Amendment immunity from suit in this proceeding must be rejected in light of the Third Circuit's holding in *Sacred Heart*. Accordingly, the instant proceeding cannot be maintained in this Court on the Fourteenth Amendment grounds asserted.[6]

---

**5.** The Fourteenth Amendment states in pertinent part:

> *Section 1.* All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
>
> *Section 5.* Congress shall have the power to enforce, by appropriate legislation, the provisions of this article.

U.S. Const. amend. XIV, §§ 1, 5.

**6.** The Debtors' argument suffers from another infirmity in that an underlying premise given for the filing of the action is flawed. At the hearing the Debtors asserted that a primary motivation in bringing the suit was to obtain relief from certain conduct which they contended violated the automatic stay. Such conduct, the Debtors asserted, consisted of the issuance of an assessment of

prepetition tax liability by the Department of Revenue, and the issuance of written demands for payment of such liability by the Financial Enforcement Section. The Debtors argued that such allegedly blatant violations of the automatic stay constituted "special circumstances" warranting the abrogation of the Department of Revenue's sovereign immunity in a suit to determine the dischargeability of their debt to the Commonwealth. The Debtors posited that if the debt to which the foregoing conduct related were determined to be dischargeable under Code § 523(a)(1), then the allegedly improper efforts to enforce such debt would cease. Although this argument has some facial appeal, it is nonetheless flawed in that the complained of conduct—the making, postpetition, of an assessment of the Debtors' prepetition tax liability, and the issuance of letters demanding payment thereof—cannot, without more, be viewed as violating the automatic stay. *See H & H Beverage Distributors v. Dept. of Revenue of Commonwealth of Pennsylvania*, 850 F.2d 165 (3d Cir.1988); Code § 362(b)(9)(D); *see also In re Waugh*, 109 F.3d 489, 492 n. 7 (8th Cir.) (noting that while amended § 362(b)(9) lifts the automatic stay as it applies to, *inter alia*, the making of certain assess-

Alternatively, the Debtors argue that this Court must hear the complaint because there is no available state court forum in which its Code § 523(a)(1) action can be heard. As will be seen, while this argument holds greater promise for the Debtors, the complaint must nonetheless still be dismissed.

The Eleventh Amendment states:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by the Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const., amend. XI. The Amendment has been construed by the Supreme Court to enact a sovereign immunity from suit, rather than a nonwaivable limitation on a federal court's subject matter jurisdiction. *Idaho v. Coeur d'Alene Tribe of Idaho,* — U.S. —, —, 117 S.Ct. 2028, 2033, 138 L.Ed.2d 438 (1997). Sovereign immunity is a judicially created doctrine which generally precludes the bringing of a suit against the government without its consent. Black's Law Dictionary, 1396 (6th ed.1990). The doctrine is founded on the ancient principle that "the King can do no wrong," and generally bars holding the government or one of its political subdivisions liable for the torts or illegal actions of its officers or agents unless such immunity is expressly waived by statute or by necessary inference from legislative enactment. *Id.* (citation omitted). Despite the seemingly clear language of the Eleventh Amendment's proscription of suits against "one of the United States by the Citizens of another State," U.S. Const., amend. XI, the Supreme Court has extended the reach of the Amendment's protection to suits against a state by its own citizens.[7] *Coeur d'Alene Tribe of Idaho,* — U.S. at —, 117 S.Ct. at 2033 (citing *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)).

■■■ Three possible exceptions to the constitutional bar provided by the Eleventh Amendment have been recognized by the Supreme Court. *See generally, Darne v. State of Wisconsin, Department of Revenue,* 137 F.3d 484, 487 (7th Cir.1998). First, suits against state officials in their individual capacities seeking prospective declaratory relief for ongoing violations of federal law are not barred by the Eleventh Amendment under what is known as the *Ex parte Young* doctrine. *See Coeur d'Alene Tribe of Idaho,* — U.S. at —, 117 S.Ct. at 2034; *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Second, individuals may sue a state directly if Congress has abrogated the state's immunity from suit in unequivocal terms pursuant to a valid exercise of its power. *Seminole Tribe of Florida,* 517 U.S. at 55, 116 S.Ct. at 1123. Finally, a state may waive its sovereign immunity and consent to be sued in federal court. *Id.,* at 53–55, 116 S.Ct. at 1122–23; *Darne,* 137 F.3d at 488.

Neither the second nor the third exceptions are applicable in this case. The former was eliminated from consideration here by virtue of the Third Circuit's decision in *Sacred Heart* which held Code § 106(a)'s abrogation of sovereign immunity, as applied to the states, to be unconstitutional. 133 F.3d at 245. The third exception is not applicable here either because the Department of Revenue has not waived its sovereign immunity or consented to suit in this Court. Indeed, as correctly asserted by the Debtors, the Pennsylvania General Assembly has expressly denied a waiver of the Commonwealth's Eleventh Amendment immunity from suit in federal court. 42 Pa.C.S.A. § 8521(b).

■■■ Attempting to invoke the first exception noted above, the *Young* doctrine, the Debtors assert that this Court must hear their complaint because there is no available state forum in which they might bring their

---

ments of a tax and the issuance of a notice and demand for payment of same, it does not lift the stay as it applies to efforts to collect such assessment), *cert. denied sub nom., Waugh v. I.R.S.,* — U.S. —, 118 S.Ct. 80, 139 L.Ed.2d 38 (1997). Thus, the Debtors' contention that the instant proceeding was necessary in order to prevent similar violations of the automatic stay in the future is therefore incorrect as a matter of law.

7. State sovereign immunity under the Eleventh Amendment is based on a two-part presupposition: (1) that each state is a sovereign entity within our federal system of government; and (2) inherent in the nature of a state's sovereignty is the prerogative to deem itself unamenable to suit by an individual without its consent. *See Sacred Heart,* 133 F.3d at 241–42 (citing *Seminole Tribe of Florida,* 517 U.S. at 53–54, 116 S.Ct. at 1122).

Code § 523(a)(1) claim. In sum, the Debtors contend that the *Young* doctrine provides an exception to the Department of Revenue's assertion of sovereign immunity in this case. As will be seen, however, the debtor's reliance on the *Young* doctrine in this instance is misplaced. *Ex parte Young* holds that a federal court has jurisdiction over a suit against a state officer to enjoin official actions that violate federal law, even if the state itself is immune from suit under the Eleventh Amendment. —— U.S. at ——, 117 S.Ct. at 2043 (O'Connor, J., concurring opinion). The *Young* doctrine has traditionally been held to apply where a plaintiff seeks prospective declaratory or injunctive relief to end a state official's ongoing violation of federal law. *Seminole Tribe of Florida,* 517 U.S. at 73, 116 S.Ct. at 1132; *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985); *Milliken v. Bradley,* 433 U.S. 267, 289–290, 97 S.Ct. 2749, 2761–62, 53 L.Ed.2d 745 (1977). The doctrine is premised on the notion that a state can not authorize a state officer to violate the Constitution and laws of the United States. Thus, an action by a state officer that violates federal law is not considered an action of the state, and therefore, is not shielded from suit by the state's sovereign immunity. *See Morrell,* 218 B.R. at 92; *Pennhurst State School, & Hosp. v. Halderman,* 465 U.S. 89, 102, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984). The *Young* doctrine is not, however, without limitations. For instance, it does not apply in cases where a plaintiff seeks monetary relief for past violations of federal law, regardless of whether the party the plaintiff seeks to designate as a defendant is nominally a state officer sued in his official capacity. *See Pennhurst,* 465 U.S. at 102–103, 104 S.Ct. at 909; *Edelman v. Jordan,* 415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1974); *Green v. Mansour,* 474 U.S. at 68–69, 106 S.Ct. at 425–26.

The Debtors correctly point out that the principal opinion in *Coeur d'Alene Tribe of Idaho,* recognized that the *Young* doctrine has "special significance" in cases where there is no available state forum for the vindication of federal rights.[8] —— U.S. at ——, 117 S.Ct. at 2035 (opinion of Kennedy, J.). Looking to applicable state law, the Debtors also correctly assert that there is no available state court forum in which they might bring their Code § 523(a)(1) action against the Department of Revenue. The Court observes that sovereign immunity in Pennsylvania was reaffirmed by the Pennsylvania General Assembly in 1 Pa.C.S.A. § 2310.[9] Pursuant to this statute the Commonwealth and its employees are immune from suit for acts within the scope of their duties unless such immunity is specifically

---

8. This Court observes that although the principal opinion in *Coeur d'Alene Tribe of Idaho* suggests a departure from the traditional rule based approach to the application of the *Young* doctrine in favor of a case-by-case balancing test approach, —— U.S. at —— – ——, 117 S.Ct. at 2038–40 (opinion of Kennedy, J.), this part of the opinion failed to muster a majority. *See id.* at ——, 117 S.Ct. at 2047 (O'Connor, J., concurring in part and concurring in the judgment (joined by Scalia and Thomas, JJ.))(arguing that the appropriate review under *Young* remains "a straightforward inquiry into whether a complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective"); *id.* at ——, 117 S.Ct. at 2048 (Souter, J., dissenting (joined by Stevens, Ginsburg, and Breyer, JJ.)). Although the Third Circuit has not yet ruled on the issue, other courts have held that a majority of the Supreme Court would continue to apply the rule of *Ex parte Young* as it has been traditionally understood. *See e.g. Earles v. State Bd. of Certified Public Accountants of Louisiana,* 139 F.3d 1033 (5th Cir.1998). This Court is agreement with this position.

9. 42 Pa.C.S.A. § 2310 (Sovereign immunity reaffirmed; specific waiver) states:

Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) unless otherwise specifically authorized by statute.

Section 11 of Article I of the Constitution of Pennsylvania states that "[s]uits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct."

waived by the General Assembly. The Court also observes that 42 Pa.C.S.A. § 8521(b) states the general proposition that the Commonwealth does not waive its Eleventh Amendment guaranty of immunity from suit in federal court.[10] 42 Pa.C.S.A. § 8522 contains a specific waiver of sovereign immunity as to nine specific types of negligence actions,[11] none of which can be construed as authorizing a suit against the Commonwealth under Code § 523(a)(1). While arguably the Debtors could plead their discharge or request a determination of the dischargeability of their prepetition tax liability in an action brought by the Department of Revenue to enforce such debt, the Supreme Court has held, however, that the *Young* doctrine does not require a plaintiff to sit by and wait for a governmental enforcement action to take place before it may act under *Young.* See *Coeur d'Alene Tribe of Idaho,* —— U.S. at ——, 117 S.Ct. at 2035. It appears, therefore, that absent a proceeding brought in federal court pursuant to Code § 523(a)(1), the Debtors will be denied the opportunity of being able to challenge the prepetition tax debt owed to the Commonwealth and thereby obtain a determination as to the dischargeability of such debt.

■ Despite all of the foregoing, the complaint must still be dismissed on Eleventh Amendment grounds because it names the Department of Revenue, a political subdivision of the Commonwealth, as a defendant, and not an appropriate state official whose actions allegedly constitute a continuing violation of federal law. Given the developing nature of the law on this issue in the wake of the Supreme Court's decision in *Seminole* and, more recently, the Third Circuit's decision in *Sacred Heart* invalidating Code § 106(a)'s abrogation of state sovereign immunity, dismissal in this case is without prejudice so as to afford the Debtors an opportunity to file an amended complaint which properly invokes the *Young* doctrine if, of course, the Debtors are able to sufficiently plead such a claim, and elect to do so.[12] *Accord In re Morrell,* 218 B.R. at 91 (granting debtors leave to amend their Code § 523(a)(1) complaint to determine the dischargeability of state franchise taxes to name an appropriate state official in an action invoking the *Young* doctrine); *Matter of Guiding Light Corp.,* 213 B.R. 489 (Bankr.E.D.La. 1997) (denying motion by Secretary of Louisiana Department of Health and Hospitals to dismiss complaint for turnover of medicaid payments that were withheld from the debtor, and holding that the *Young* exception allowed the debtor to maintain such a proceeding against the Secretary for prospective injunctive relief); *In re Zywiczynski,* 210 B.R. 924 (Bankr.W.D.N.Y.1997) (bankruptcy code requirement that one in possession of estate property must turn such property over to the trustee implicates the doctrine of *Ex parte Young* whenever a state officer refuses to obey a turnover command); *In re Lazar,* 200 B.R. 358, 382–83 (Bankr.C.D.Cal.1996)(holding that the trustee could bring an action against a state official under *Ex parte Young,* but that under the facts of the case such an action was not necessary because the state had waived its sovereign immunity). The complaint will

---

10. 42 Pa.C.S.A. § 8521 (Sovereign immunity generally) states:

> (a) General rule.—Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S.A. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise.
>
> (b) Federal courts.—Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.

11. The nine categories of acts that may impose liability on a Commonwealth party are: (1) vehicle liability, (2) medical-professional liability, (3) care, custody or control of personal property, (4) Commonwealth real estate, highways and sidewalks, (5) potholes and other dangerous conditions, (6) care, custody, or control of animals, (7) liquor store sales, (8) National Guard activities, and (9) toxoids and vaccines. 42 Pa.C.S.A. § 8522(b).

12. The Court pauses to note, however, that in so ruling it does not offer any opinion as to the relative merits of such a claim should the Debtor's elect to file an amended complaint. Rather, the ruling is intended simply to grant the Debtors a fair opportunity of having their federal claims see the light of day—an opportunity that might otherwise be denied them if they were made to rely solely on the courts of the Commonwealth.

also be dismissed as to the Chapter 7 trustee, a nominal defendant only in the instant proceeding.